# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, 11 Dupont Circle, N.W. Washington, D.C. 20036 )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, Washington, DC 20528 )<br><br>Defendant. ) | Civil Action No. 06-173 (RJL) |

## DEFENDANT'S ANSWER

Defendant, the United States Department of Homeland Security ("DHS"), the parent agency of the Federal Emergency Management Agency ("FEMA"), hereby answers the Complaint of plaintiff Citizens for Responsibility and Ethics in Washington ("CREW").

### First Affirmative Defense

Claim Two of the Complaint fails to state a claim upon which relief can be granted.

### Defendant's Responses to the Numbered Paragraphs

Answering the numbered paragraphs of plaintiff's Complaint, defendant responds as follows:

### INTRODUCTION

1.  This paragraph contains plaintiff's characterization of the nature of plaintiff's action, to which no response is required.

1

2. This paragraph contains plaintiff's characterization of the nature of plaintiff's action, to which no response is required.

## JURISDICTION AND VENUE

3. The allegations in paragraph 3 contain plaintiff's conclusions of law regarding the scope and extent of the Court's jurisdiction and venue in response to which no answer is required.

4-5. Defendant is without knowledge or information sufficient to confirm or deny the allegations in these paragraphs.

6. This paragraph contains legal conclusions to which no response is required; to the extent a response is required, defendant denies the allegations in this paragraph.

7. Defendant admits the first sentence. Defendant denies the second sentence except it admits that the Federal Emergency Management Agency possesses certain records responsive to plaintiff's request.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

8-14. These paragraphs contain plaintiff's characterization of various provisions 5 U.S.C. § 552 to which no response is required. Defendant respectfully refers the Court to the text of the cited provisions for a full and accurate statement of their contents.

15. This paragraph contains plaintiff's characterization of 6 C.F.R. § 5.5 (d)(1)(ii) and (d)(3) to which no response is required. Defendant respectfully refers the Court to the texts of these provisions, for a full and accurate statement of their contents..

16. This paragraph contains plaintiff's characterization of 5 U.S.C. § 552(a)(6)(E)(ii) and 6 C.F.R. § 5.5(d)(ii) to which no response is required. Defendant respectfully refers the

Court to the texts of these provisions, for a full and accurate statement of their contents.

17. This paragraph contains plaintiff's characterization of 5 U.S.C. § 552(a)(6)(E)(iii) to which no response is required. Defendant respectfully refers the Court to the text of this provision, for a full and accurate statement of its content.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

18-20. The allegations in these paragraphs constitute plaintiff's characterization of various news reports attached to plaintiff's complaint, to which no response is required. Defendant respectfully refers the Court to Exhibits A, B and C to plaintiff's Complaint for the complete version of the referenced articles, which speak for themselves.

21. The allegations in this paragraph constitute plaintiff's characterization of DHS/FEMA documents attached to plaintiff's complaint, to which no response is required. Defendant respectfully refers the Court to Exhibits D and E to plaintiff's Complaint for the complete versions of the documents, which speak for themselves.

22. The allegations in this paragraph constitute plaintiff's characterization of a news report attached to plaintiff's complaint, to which no response is required. Defendant respectfully refers the Court to Exhibit F to plaintiff's Complaint for the complete version of the referenced article, which speaks for itself.

23. The allegations in this paragraph constitute plaintiff's characterization of a news report attached to plaintiff's complaint and a National Oceanic and Atmospheric Administration (NOAA) document on the internet, to which no response is required. Defendant respectfully refers the Court to Exhibit C attached to plaintiff's Complaint for the complete version of the referenced article, and to http://lwf.ncdc.noaa.gov/oa/climate/research/2005/hurricanes05.html for the complete version of the NOAA document, both of which speak for themselves.

24. The allegations in this paragraph constitute plaintiff's characterization of news reports to which no response is required. Defendant respectfully refers the Court to Exhibits C, G and H attached to plaintiff's Complaint for the complete versions of the referenced articles, which speak for themselves.

### Plaintiff's FOIA Request and Follow-Up

25-29. Defendant admits that it received a letter dated September 7, 2005, from the plaintiff. The remaining allegations in these paragraphs constitute characterizations of the September 7, 2005 letter from plaintiff to defendant, attached as Exhibit I to plaintiff's Complaint, to which no response is required. To the extent a response is required, defendant respectfully refers the Court to Exhibit I for a full and accurate statement of the letter's contents.

30. Defendant admits that it mailed plaintiff a letter dated September 20, 2005. The remaining allegations in this paragraph constitute a characterization of the September 20, 2005 letter from defendant to plaintiff, which is cited as Exhibit J but not attached to plaintiff's Complaint, to which no response is required. To the extent a response is required, defendant respectfully refers the Court to the referenced letter, attached as Exhibit A to this Answer, for a full and accurate statement of its contents.

31-32. Defendant admits that DHS received a letter dated October 24, 2005, from the plaintiff. The remaining allegations in these paragraphs constitute a characterization of the October 24, 2005 letter from plaintiff to defendant, which is cited as Exhibit K but not attached to plaintiff's Complaint, to which no response is required. To the extent a response is required, defendant respectfully refers the Court to the referenced letter, attached as Exhibit B to this Answer, for a full and accurate statement of its contents.

33. Defendant admits that DHS sent a letter to plaintiff on December 21, 2005. The remaining allegations in this paragraph constitute a characterization of a December 21, 2005 letter from DHS to plaintiff, attached as Exhibit L to plaintiff's Complaint, to which no response is required. To the extent a response is required, defendant respectfully refers the Court to Exhibit L for a full and accurate statement of its contents.

34. The allegations in this paragraph constitute a characterization of the November 9, 2005 letter from defendant to plaintiff, and a December 28, 2005 letter from DHS to Plaintiff attached as Exhibits M and N to plaintiff's Complaint, to which no response is required. To the extent a response is required, defendant respectfully refers the Court to Exhibits M and N for a full and accurate statement of their contents.

35. Defendant denies the allegations in this paragraph as conclusions of law.

### PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
(Failure to Produce Records)

36. Defendant realleges and incorporates its responses to all preceding paragraphs.

37. Defendant denies the allegations in this paragraph as conclusions of law.

38. Defendant denies the allegations in this paragraph as conclusions of law.

39. Defendant denies the allegations in this paragraph as conclusions of law.

### CLAIM TWO
(Failure to Respond)

40. Defendant realleges and incorporates its responses to all preceding paragraphs.

41. Admit that defendant received a letter from plaintiff dated September 7, 2005. The remainder of this paragraph is denied as a conclusion of law.

5

42. Defendant denies that plaintiff has received no response to its September 7, 2005 request, and states that it transmitted an interim response to plaintiff dated January 24, 2006, the cover letter to which is attached as Exhibit C to this Answer. Defendant respectfully refers the Court to Exhibit C for a full and accurate statement of its contents. The remainder of this paragraph is denied as a conclusion of law.

43. Defendant denies the allegations in this paragraph as conclusions of law.

## CLAIM THREE
### (Improper Denial of Expedition)

44. Defendant realleges and incorporates its responses to all preceding paragraphs.

45. Defendant denies the allegations in this paragraph as conclusions of law.

46. The allegations in this paragraph are denied as conclusions of law, and defendant notes for the Court that the proper citation for the DHS FOIA regulations is 6 C.F.R. § 5.5(d)(3).

The balance of the Complaint constitutes a prayer for relief to which no answer is required. Defendant denies that plaintiff is entitled to the relief requested, or to any relief whatsoever.

Defendant hereby denies all allegations not expressly admitted or denied.

6

THEREFORE, having fully answered, defendant asserts that plaintiff is not entitled to the relief requested, or to any relief whatsoever, and requests that this action be dismissed with prejudice and that defendant be given such other relief as the Court deems just and proper.

>Respectfully submitted,
>
>PETER D. KEISLER
>Assistant Attorney General
>
>KENNETH L. WAINSTEIN
>United States Attorney
>
>ELIZABETH J. SHAPIRO (D.C. Bar 418925)
>Assistant Director
>Federal Programs Branch
>
>  /s/
>Peter M. Bryce (NY & IL Bars)
>Trial Attorney
>U.S. Department of Justice
>Civil Division, Federal Programs Branch
>Mailing Address
>P.O. Box 883
>Washington, D.C.  20044
>Delivery Address
>20 Massachusetts Ave., N.W., Room 7221
>Washington, D.C.  20001
>Telephone: (202) 616-8335
>Fax: (202) 616-8470
>peter.bryce@usdoj.gov
>
>Attorneys for Defendant

Dated: March 6, 2006