UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND :
ETHICS IN WASHINGTON :
11 Dupont Circle, N.W. :
Washington, D.C. 20036 :
 :
      Plaintiff, :
 :
  v. : Civil Action No. 06cv0173 (RJL)
 :
U.S. DEPARTMENT OF HOMELAND :
SECURITY :
Washington, D.C. 20528 :
 :
      Defendant. :
 :

**JOINT BRIEFING SCHEDULE STATEMENT**

    Pursuant to the Court's Order of April 17, 2006, Plaintiff and Defendant have conferred and hereby submit this joint report.

    1. This case concerns a September 7, 2005 Freedom of Information Act ("FOIA") request Plaintiff made for documents in Defendant's possession concerning the agency's response to Hurricane Katrina. On April 4, 2006, the Plaintiff and Defendant submitted a Joint Meet and Confer Statement in which the parties agreed to a schedule for processing the remainder of Plaintiff's FOIA request. The proposed schedule called for completion of processing by July 5, 2006, and deferral of a proposed schedule for briefing of dispositive motions until July 26, 2006. Defendant has delivered a total of approximately 5,700 pages of documents since January 24, 2006.

    2. Plaintiff and Defendant have conferred, but have been unable to come to an agreement on a proposed briefing schedule.

**A.     Plaintiff's Position**

3. Plaintiff submits that the issues in dispute can be adequately briefed in five weeks. Plaintiff is challenging only the documents Defendant withheld in whole, or in part, pursuant to FOIA Exemption 5. 5 U.S.C. §552(b)(5). In the course of the production, Defendant has withheld portions of 37 documents, plus an unreported number of documents described broadly as "a few pages of 'meeting minutes' for an interagency meeting," and "drafts of documents, internal memorandums and options pertaining to FEMA's disaster declaration process, senior level communications where internal, pre-decisional and deliberative recommendations and analysis are discussed." Plaintiff was not made aware of the number of these documents until Defendant's counsel represented to Plaintiff on July 25, 2006, that the documents were an indeterminate number in the "thousands of pages," requiring a lengthy briefing schedule.

5. Defendant received Plaintiff's FOIA request on September 7, 2005, and has been reviewing and producing documents since at least January 2006. In view of the time Defendant has consumed to date, and the harm to Plaintiff from the continued delay in receiving all documents to which it is entitled under the FOIA, a five week briefing schedule is sufficient to prepare a *Vaughn* index and fully brief the limited issue before the Court.

6. In light of the above, Plaintiff requests that the Court order a briefing schedule as follows:

| | |
|---|---|
| August 30, 2006: | Defendant's Motion for Summary Judgment |
| September 28, 2006: | Plaintiff's Opposition and Cross Motion for Summary Judgment |
| October 13, 2006: | Defendant's Reply to Plaintiff's Opposition and |

Defendant's Opposition to Plaintiff's Cross-Motion

October 27, 2006:        Plaintiff's Reply to Defendant's Opposition

**B.    Defendant's Position**

7. Defendant submits that given the nature and volume of documents involved in this case, the nature of the exemption in dispute, the fact that FEMA's agency resources have been severely strained given the extraordinary nature of the past two hurricane seasons, and the fact that hurricane season for 2006 is just beginning, it would be unreasonable to require defendant to prepare a summary judgment brief and the necessary supporting documentation before December 20, 2006.  The plaintiff's agreement to challenge only Exemption 5 does not significantly reduce the scope of the task defendant faces.  As plaintiff is aware, summary judgment from a FOIA defendant's perspective is not simply a matter of preparing a brief.  It generally requires preparation of a "<u>Vaughn</u>" declaration and/or index, in which defendant supports its motion by describing withheld documents and portions of documents, justifying the withholdings, and addressing segregability.  This task is extraordinarily time-consuming, particularly in light of the nature of Exemption 5 and the volume of Exemption 5 materials (approximately 1,800 pages or more).[1]  Compounding these difficulties, hurricane season has now begun, placing much heavier demands on an already resource-constrained agency.  Finally, the documents pertain to the response to Hurricane Katrina, a highly complicated hurricane response that involved many government agencies; therefore, some of the documents and

---

[1] Plaintiff asserts in paragraph 3 that FEMA has only withheld portions of 37 documents. It is unclear how plaintiff arrived at that conclusion.

explanations of exemption may require consultation with other government entities. In light of the foregoing, requiring defendant to prepare a proper summary judgment motion with necessary supporting documentation in approximately five weeks, as plaintiff proposes, is patently unreasonable.

8. Plaintiff will not be prejudiced by the additional few months it will take to brief this matter, especially given that processing is now complete and plaintiff concedes that they have received approximately 5,700 pages of documents responsive to their extraordinarily broad FOIA request. Indeed, although defendant believes there is no basis to grant plaintiff expedited processing, it nonetheless agreed, in the interest of accommodating plaintiff and expediting this litigation, to complete its search and processing in an extremely short time period — approximately three months. This process has required a far-reaching search, coordination with other agencies and processing of over 8,000 pages of documents. In light of the many other FOIA requests and other investigative and congressional inquiries relating to Hurricane Katrina, as well as FOIA requests not related to Katrina, plaintiff has already received very favorable treatment in relation to its FOIA request. Requiring defendant to use its limited resources to comply with a more demanding schedule would be unfair to other FOIA requesters.

9. In light of the above, Defendant requests that the Court order a briefing schedule as follows:

| | |
|---|---|
| December 20, 2006: | Defendant's Motion for Summary Judgment |
| January 19, 2007: | Plaintiff's Opposition and Cross Motion for Summary Judgment |
| February 19, 2007: | Defendant's Opposition to Plaintiff's Cross-Motion |

|  |  |
|---|---|
|  | and Reply to Plaintiff's Opposition |
| March 5, 2007: | Plaintiff's Reply to Defendant's Opposition |

Respectfully submitted,

\_\_\_/s/_____
Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Citizens for Responsibility and Ethics
 in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C.  20005
Phone: (20) 408-5565
Fax: (202) 588-5010

Attorneys for Plaintiff

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

ELIZABETH J. SHAPIRO (D.C. Bar 418925)
Assistant Director
Federal Programs Branch

\_\_\_/s/_____
Peter M. Bryce (NY & IL Bars)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
<u>Mailing Address</u>
P.O. Box 883
Washington, D.C.  20044
<u>Delivery Address</u>
20 Massachusetts Ave., N.W., Room 7221

        Washington, D.C.  20001
        Telephone: (202) 616-8335
        Fax: (202) 616-8470
        peter.bryce@usdoj.gov

        Attorneys for Defendant

Dated: July 26, 2006