**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND | ) | |
| ETHICS IN WASHINGTON, | ) | |
| 11 Dupont Circle, N.W. | ) | |
| Washington, D.C. 20036 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-173 (RJL) |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF HOMELAND SECURITY, | ) | |
| Washington, DC 20528 | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**EXHIBIT 4 TO DECLARATION OF ADRIAN SEVIER**

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| | | | | **Hurricane Katrina Emails Withheld in Full or in Part Pursuant to Exemption b(5)** |
| 1 | 8/24/2005 | Trop Storm | Redacted Deliberative Process Privilege (DPP) | This email chain is redacted pursuant to exemption (b)(5), the Deliberative Process Privilege (DPP). The sentence redacted reflects anticipated actions from a FEMA staff member to the former Deputy Director of FEMA about FEMA's disaster declarations process. The disaster declarations process involves requests from states or local governments for disaster declarations. FEMA analyzes the requests and then prepares recommendations regarding the requests for the White House. FEMA is not the final decision maker on disaster declarations. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 2 to 3 | 8/28/2005 | Potential Chief of Staff Candidates | Redacted DPP | This email chain is redacted pursuant to exemption (b)(5), DPP. The redacted portion of the email chain is pertaining to a list circulated among FEMA staff regarding potential candidates for a personnel decision. The document reflects intra-agency communications regarding personnel decisions. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 4 to 5 | 8/28/2005 | IIMG | Redacted Presidential Communications Privilege (PCP) DPP | The text of this email chain is redacted in part pursuant to exemption (b)(5), PCP. The text redacted pursuant to PCP reveals communications between White House advisers or their staff and FEMA staff. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.

Further, the email chain is redacted in part pursuant to exemption (b)(5), DPP. The email chain is between the former Under Secretary and his staff and reflects debate regarding whether to set up an Interagency Incident Management Group (IIMG). Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 6 | 8/28/2005 | tomorrow's VTC | Redacted DPP | This email chain and segment thereof is redacted pursuant to exemption (b)(5), DPP. The redacted portion reflects a suggestion between FEMA staff and the former Public Affairs Director regarding the appropriateness of the participants and content of the VTCs. The text reflects inter-agency discussions and deliberations between FEMA leadership regarding the manner in which FEMA would work with the media when coordinating the response to Hurricane Katrina and decisions about what information should be made publicly available. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 7 | 8/28/2005 | need to know if the Gov or Mayor is going to call for mandatory evacuations of NO asap | | On February 17, 2007, FEMA released this email chain to CREW. The released email chain did not contain any exemption (b)(5) redactions. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 8 | 8/29/2005 | (No subject) | Redacted DPP | This email chain among various FEMA officials is redacted pursuant to exemption (b)(5), DPP. The two redacted sentences reflect a statement and question regarding FEMA's disaster declarations process. The disaster declarations process involves requests from states or local governments for disaster declarations. FEMA analyzes the requests and then prepares recommendations regarding the requests for the White House. FEMA is not the final decision maker on disaster declarations. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 9 | 8/29/2005 | Sounds like you have a good signal there | Redacted DPP | This email chain is between the former FEMA Director and the former FEMA Deputy Director and is redacted pursuant to exemption (b)(5), DPP. The portion redacted reflects a request for input regarding FEMA's disaster declarations process. The disaster declarations process involves requests from states or local governments for disaster declarations. FEMA analyzes the requests and then prepares recommendations regarding the requests for the White House. FEMA is not the final decision maker on disaster declarations. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 10 to 13 | 8/29/2005 | let's meet briefly at 8 this am to compare notes | Redacted DPP | This email chain is redacted pursuant to exemption (b)(5), DPP. The sentence redacted reflects a request for input from the former FEMA Deputy Director to the former FEMA Director of the Response Division regarding FEMA's disaster declarations process. The disaster declarations process involves requests from states or local governments for disaster declarations. FEMA analyzes the requests and then prepares recommendations regarding the requests for the White House. FEMA is not the final decision maker on disaster declarations. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 14 | 8/29/2005 | Kristina Interagency Long Term Recovery Office/supplement al | Redacted DPP | This email chain is redacted pursuant to exemption (b)(5), DPP. The sentence redacted in the first paragraph contains a recommendation from the former Deputy Director of FEMA to the former Director of FEMA about the formulation of an IIMG. The sentence redacted in the second paragraph contains a recommendation from a former Deputy Director of FEMA to the former Director of FEMA about funding concerns. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 15 | 8/29/2005 | Coast guard rescue missions in LA | Redacted DPP | This email chain is redacted pursuant to exemption (b)(5), DPP. The redacted portion contains a summary of situation and a recommendation regarding rescue mission needs from the former Deputy Director of FEMA to FEMA staff members. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 16 | 8/29/20055 | superdome | Redacted DPP | This email is redacted pursuant to exemption (b)(5), DPP. The redacted portions contain briefings from FEMA staff members at the disaster to FEMA senior management officials about the impact of Hurricane Katrina. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. The email appears to be a partial copy of a longer email chain. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 17 | 8/29/2005 | (No subject) | Redacted PCP DPP | The text of this email chain is redacted in part pursuant to exemption (b)(5), PCP.  The text redacted pursuant to PCP reveals communications between White House advisers or their staff and FEMA staff. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>This email is redacted pursuant to exemption (b)(5), DPP.  The redacted portion of the email reflects a question about a possible conference call from a FEMA staff member to the former Deputy Director of FEMA.Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 18 | 8/30/2005 | Diane Donley's location | Redacted DPP Attorney-Client Privilege (ACP) | This email chain is redacted pursuant to exemption (b)(5), the attorney-client privilege.  The sentence redacted contains a confidential communication reflecting a request for legal advice made by a FEMA official to a FEMA attorney in preparing certain documents related to disaster operations.<br><br>The sentence is also subject to exemption (b)(5), DPP.  Release of the communication and the predecisional discussions relating to the preparation of these documents would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 19-21 | 8/30/2005 | NOT URGENT - PA Money for LA, MS, AL | Redacted DPP | This email chain and various segments thereof are redacted pursuant to exemption (b)(5), DPP.  The redacted portion contains a recommendation from a FEMA staff member to the former FEMA Deputy Director about FEMA's Public Assistance program.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 22-23 | 8/30/2005 | Natalie Rule x4279 | Redacted DPP | This email chain is redacted pursuant to exemption (b)(5), DPP.  The redacted sentence contains a report from the former Director of Public Affairs to the former FEMA Deputy Director regarding the timing of a press announcement regarding a particular decision.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 24-25 | 8/30/2005 | DOD Transportation Assets | Redacted DPP | This email chain and segment thereof is redacted pursuant to exemption (b)(5), DPP.  The sentence redacted in the first paragraph contains a recommendation from the FEMA Region V Director, a subordinate, to his superiors, the former Deputy Director and former Deputy Chief of Staff, about potential mission assignments between agencies.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 26 | 8/30/2005 | Katrina - Offers of International Assistance | Redacted DPP | This email is redacted pursuant to exemption (b)(5), DPP.  The redacted portion contains several suggestions for the coordination and response to offers of international assistance from the Director of Intergovernmental Affairs to various superiors at FEMA Headquarters, including the former Deputy Director and former Deputy Chief of Staff. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between cooperating agencies and foreign nations - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on agency deliberations. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 27 | 8/30/2005 | New Orleans | Redacted DPP | This email is redacted pursuant to exemption (b)(5), DPP.  The sentence redacted reflects a request for confirmation of a rumor from former FEMA deputy director to the FEMA Response Division Deputy Director and Region V Director prior to a media appearance. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 28 | 8/30/2005 | Redacted (b)(5), DPP | Redacted DPP | This email is redacted pursuant to exemption (b)(5), DPP.  The redacted portion of the email chain reflects a revision process to a draft paper regarding the response to Hurricane Katrina.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 29 | 8/30/2005 | Redacted (b)(5), DPP | Redacted DPP | This email is redacted pursuant to exemption (b)(5), DPP.  The redacted portion of the email chain reflects a revision process to a draft paper regarding the response to Hurricane Katrina.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 30 | 8/30/2005 | Redacted (b)(5), DPP | Redacted DPP | This email chain is withheld in part pursuant to exemption (b)(5), DPP.  The redacted portion of the email chain pertains to recommendations by the FEMA former Deputy Director to FEMA's Public Affairs office dealing with the media response to Hurricane Katrina.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of the public affairs office, and, therefore, result in a chilling effect on intra-agency communications. |
| 31 | 8/31/2005 | (No Subject) | Redacted DPP | This email chain is redacted pursuant to exemption (b)(5), DPP.  The redacted paragraph contains suggestions for potential sheltering plans from the former Director of FEMA's Recovery Division to the Federal Coordinating Officer at Hurricane Katrina. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 32 | 8/31/2005 | White House Deputy COS/White House Advance Team | Redacted DPP | This email is redacted pursuant to exemption (b)(5), DPP.  The redacted paragraph requests and requests for assistance in coordinating a tour of the affected area.   Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and among the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 33-36 | 8/31/2005 | Redacted (b)(5), DPP | Redacted DPP | This email chain among various FEMA staff is withheld pursuant to exemption (b)(5), DPP.  The redacted portion reflects a discussion between employees of various federal government agencies, including DHS and NORAD, regarding a potential offer of international assistance.  The email chain reflects deliberations on how to process the international offer of assistance and does not reveal a final decision.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and among the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 37-38 | 8/31/2005 | Impact to NFIP | Redacted DPP | This email is withheld in part pursuant to exemption (b)(5), DPP.  The redacted portion of the communication pertains to a report from the former Director of the National Flood Insurance Program (NFIP) to the former Under Secretary of FEMA regarding the possible ways in which the NFIP would be impacted by Hurricane Katrina.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 39 | 8/31/2005 | Need to know if the actual evacuation of the Superdome has begun - asap - thanks | | On January 12, 2007, FEMA released this email chain to CREW.  The released email chain did not contain any exemption (b)(5) redactions. |
| 40-43 | 9/1/2005 | Two cents | Redacted DPP | This email chain and various segments thereof are is redacted pursuant to exemption (b)(5), DPP.  The redacted portion of the email is pertaining to a personnel decision.  The document reflects intra-agency communications of advice from the former FEMA Deputy Director to the former Under Secretary regarding personnel decisions and the level of coordination required from other agencies. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 44-45 | 9/2/2005 | Louisiana Temporary Housing - Ready for Immediate Action | Redacted DPP | This email is redacted pursuant to exemption (b)(5), DPP.  The redacted portion of the email reflects a suggested plan for the rehousing issues in New Orleans from the Federal Coordinating Officer to the former Director of Recovery and other members of the FEMA housing staff.  Release of the communication and the predecisional recovery strategy reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 46-47 | 9/2/2005 | Critical Commodities Release | Redacted DPP | This email is withheld in part to exemption (b)(5), DPP.  The redacted portion of the email pertains to recommendations from a FEMA Federal Coordinating Officer to FEMA's Public Affairs office regarding a press release describing the response to Hurricane Katrina.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of the interplay between FEMA staff and the public affairs office, and, therefore, result in a chilling effect on intra-agency communications. |
| 48-50 | 9/2/2005 | Open Call for assistance any agency or person | Redacted PCP | The text of this email chain is protected pursuant to exemption (b)(5), PCP.  The text reveals communications from White House advisers or their staff to FEMA staff.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process. |
| 51-53 | 9/2/2005 | (No subject) | Redacted DPP | This email chain and various segments thereof are redacted pursuant to exemption (b)(5), DPP.  The redacted portion of the email reflects a debate between the former Under Secretary and his staff members regarding a personnel decision.  The document reflects intra-agency communications regarding personnel decisions and the level of coordination required from other agencies. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 54 | 9/3/2005 | Transportation | Redacted DPP | This email chain is redacted pursuant to exemption (b)(5), DPP. The redacted portions of the email chain contain recommendations pertaining to travel restrictions from a FEMA Federal Coordinating Officer to FEMA Regional Directors. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials and, therefore, result in a chilling effect on intra-agency communication |
| 55 | 9/3/2005 | (No subject) | Redacted DPP | This email chain is redacted pursuant to exemption (b)(5), DPP. The redacted portion of the email chain is a report from a FEMA Federal Coordinating Officer to the Chief of the National Disaster Medical System regarding problems that were occurring and suggested solutions and approaches to problems. The document reflects inter- and intra-agency communications regarding hurricane response and the level of coordination required from other agencies. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 56-57 | 9/4/2005 | Generator for St Bernard Parish | Redacted DPP | This email and segments thereof is among various FEMA officials and is redacted pursuant to exemption (b)(5), DPP. The redacted portion of the email is pertaining to a suggestion from the former FEMA Deputy Director to a Federal Coordinating Officer regarding how to respond to a particular request for emergency assistance. The document reflects intra-agency communications regarding the coordination of disaster assistance between FEMA and state agencies. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 58 | 9/4/2005 | (No Subject) | Redacted DPP | This email is redacted pursuant to exemption (b)(5), DPP. The redacted portion of the email is from the former FEMA Under Secretary to the former Deputy Director requesting advice about the correct manner in which to communicate about FEMA programs. Release of the communication and the request for advice reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 59 | 9/4/2005 | IIMG | Redacted DPP | This email is redacted pursuant to exemption (b)(5), DPP. The redacted portion of the email is pertaining to a request for advice about a personnel decision from a Federal Coordinating Officer to the former FEMA Deputy Director. The document reflects intra-agency communications regarding personnel decisions. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, and, therefore, result in a chilling effect on intra-agency communications. |
| 60 | 9/6/2005 | Mayfield, Max | Redacted DPP | This email is redacted pursuant to exemption (b)(5), DPP. The redacted portion of the email is pertaining to an opinion and recommendation from a subordinate to the former Under Secretary regarding how to approach a particular issue highlighted in the media. Release of the communication and the personal opinions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 61 | 9/6/2005 | How are you and my friend Robert Latham doing down there? | Redacted DPP | This email chain is redacted pursuant to exemption (b)(5), DPP. The redacted portion of the email chain is pertaining to a report from a subordinate to the former Deputy Director of various problems that were occurring relating to Katrina and inter-agency coordination and suggested solutions and approaches to those problems. The document reflects inter- and intra-agency communications regarding the logistics of coordinating the response among other agencies. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 62 | 9/6/2005 | Redacted (b)(5), DPP | Redacted DPP | This email chain is redacted pursuant to exemption (b)(5), DPP.  The redacted portion of the email chain is pertaining to a report from a subordinate to the former Deputy Director of various problems that were occurring relating to Katrina and inter-agency coordination and suggested solutions and approaches to those problems.  The document reflects inter- and intra-agency communications regarding the logistics of coordinating the response among other agencies. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 63-64 | | Detailed Discussion | Withheld in full DPP | This document is withheld pursuant to exemption (b)(5), DPP.  The document contains a discussion of a request for an emergency declaration and a summary of needs and requests.  The disaster declarations process involves requests from states or local governments for disaster declarations.  FEMA analyzes the requests and then prepares recommendations regarding the requests for the White House.   FEMA is not the final decision maker on disaster declarations. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | VTC Transcripts Withheld in Part Pursuant to Exemption (b)(5) |
|---|---|---|---|---|
| 65-419 | 8/25/2005 - 9/8/2005 | Hurricane Katrina Certified Transcripts | Redacted DPP | These documents are transcripts of the videoteleconferences (VTCs) that FEMA held for information purposes in conjunction with other responders to Hurricane Katrina, including representatives from States.

There are two redactions in the transcript documents.  A portion of the text is redacted on page 116 of the VTC transcript for August 27, 2005 and a portion of the text is redacted on page 153 of the VTC transcript for August 28, 2005.   Those pages are redacted in part pursuant to exemption (b)(5), the deliberative process privilege.  The redacted portion involves statements and anticipated actions voiced by FEMA officials about FEMA's disaster declarations process.  The disaster declarations process involves requests from states or local governments for disaster declarations.  FEMA analyzes the requests and then prepares recommendations regarding the requests for the White House.   FEMA is not the final decision maker on disaster declarations. Release of the communication and the predecisional discussions reflected therein would subject FEMA to unwarranted public scrutiny, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |

| CREW Bates Number | Document Date | Subject | Withheld Status/ Exemption (b)(5) Privilege | Hurricane Preparedness Documents Withheld in Full or in Part Pursuant to Exemption (b)(5) |
|---|---|---|---|---|

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 420-438 | 4/22/2004 | CAT Plan SOW | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP. The document is a Draft Statement of Work. In order to contract with companies to assist with FEMA's disaster plans, FEMA is required to publicly release statements of work to be bid upon by interested companies. The draft SOW underwent several revisions, reflects electronic changes to the document and is not final. Release of the draft document would expose FEMA's deliberative contracting process, adversely impact the free flow of advice and information, and reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. Further, release of draft, non-final products could result in public confusion. |
| 439-461 | 10/20/2004 | Louisiana Project Phase IA Workshop Nov. 29-Dec. 3, 2004 | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP. The document is a draft containing handwritten and electronic changes of the Louisiana Project Phase IA Workshop Nov. 29-Dec. 3, 2004. FEMA released a final version of the document to CREW on May 2, 2006. Release of the draft document would expose FEMA's deliberative process, adversely impact the free flow of advice and information, and reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 462-489 | 4/22/2004 | Joint Project Development And Exercise Plan The Louisiana Project 7/2004 | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP. The document is a draft containing handwritten and electronic changes of the Joint Project Development and Exercise Plan - The Louisiana Project 7/2004. FEMA released a final version of the document to CREW on May 2, 2006. Release of the draft document would expose FEMA's deliberative process, adversely impact the free flow of advice and information, and reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 490-507 | No Date | Statement of Work | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP. The documents are 2 copies of a 9-page draft statement of work prepared as part of FEMA's contracting process. In order to contract with companies to assist with FEMA's disaster plans, FEMA is required to publicly release statements of work to be bid upon by interested companies. The draft SOW contains electronic changes to the document and is not final. Release of the draft document would expose FEMA's deliberative contracting process, adversely impact the free flow of advice and information, and reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. Further, release of draft, non-final products could result in public confusion. |
| 508-525 | No Date | Louisiana Project Milestones and Action Items - Phase IA | Withheld in Full DPP | These documents were withheld pursuant to exemption (b)(5), DPP. The documents are 6 copies of a 3-page document that was updated on 11/5/2004, 11/8/2004, 11/14/2004 (2 copies) and 12/8/2004 (2 copies). The document is an internal checklist outlining tasks to be accomplished for the Louisiana project and the updated status of the tasks as the work progressed. The 12/8/2004 document contains a title "This is the Final Report;" however, the text of the 12/8/2004 version of the document reflects an electronic change. On May 2, 2006, FEMA released the final version of the Milestone Calendar in the final version of the Louisiana Project Phase IA Workshop Nov. 29-Dec. 3, 2004. Release of the draft documents would expose FEMA's deliberative preparedness work process, adversely impact the free flow of information, and reveal the deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications |
| 526-532 | No Date | Scenario, Objectives and Schedule - Phase IA Sheltering | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP. The document is a draft agenda describing the Scenario, Objectives, & Schedule for the Sheltering Phase I-A Workshop. FEMA released a final copy of the document in a May 2, 2006 release to CREW. Release of the draft documents would expose FEMA's deliberative process, adversely impact the free flow of information, and reveal the deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications |
| 533-536 | No Date | Scenario, Objectives and Schedule - Phase IA Temporary Housing | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP. The document is a draft agenda describing the Scenario, Objectives, & Schedule for the Temporary Housing Phase I-A Workshop. FEMA released a final copy of the document in a May 2, 2006 release to CREW. Release of the draft documents would expose FEMA's deliberative process, adversely impact the free flow of information, and reveal the deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 537-542 | 7/19/2004 | Major Hurricane in Louisiana - Dewatering | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP. The document is a draft plan related to dewatering in Louisiana that was submitted by participants in the Louisiana Project. It was later edited and FEMA released a final copy of the document in a May 2, 2006 release to CREW. Release of the draft documents would expose FEMA's deliberative process, adversely impact the free flow of information, and reveal the deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications |
| 543-634 | 6/29/2004 | Unified Command Briefing | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP. The document is a draft briefing related to the Hurricane Pam Exercise. Release of the draft documents would expose FEMA's deliberative process, adversely impact the free flow of information, and reveal the deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications |
| 635-640 | 8/26/2004 | Statement of Work Modification for Contractor Support to Hurricane Pam Exercise Phase II | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP. The document is a Draft Statement of Work for the Hurricane Pam Exercise Phase II, an exercise which did not occur. In order to contract with companies to assist with FEMA's disaster plans, FEMA is required to publicly release statements of work to be bid upon by interested companies. The draft SOW reflects electronic changes to the document and is not final. Release of the draft document would expose FEMA's deliberative contracting process, adversely impact the free flow of advice and information, and reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. Further, release of draft, non-final products could result in public confusion. |
| 641-642 | 8/26/2004 | Statement of Work Modification for Contractor Support to Hurricane Pam Exercise Continuation | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP. The document is a Draft Statement of Work Modification for the Hurricane Pam Exercise Phase II, an exercise which did not occur. In order to contract with companies to assist with FEMA's disaster plans, FEMA is required to publicly release statements of work to be bid upon by interested companies. The draft modification is not final. Release of the draft document would expose FEMA's deliberative contracting process, adversely impact the free flow of advice and information, and reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. Further, release of draft, non-final products could result in public confusion. |
| 643-644 | 2004 July | Southeast Louisiana Catastrophic Plan Response Division Task Order 2 | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP. The documents are two draft task orders for the Hurricane Pam Exercise Phase II, an exercise which did not occur. In order to contract with companies to assist with FEMA's disaster plans, FEMA is required to publicly release statements of work to be bid upon by interested companies. The draft SOW reflects electronic changes to the document and is not final. Release of the draft document would expose FEMA's deliberative contracting process, adversely impact the free flow of advice and information, and reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. Further, release of draft, non-final products could result in public confusion. |
| 645-650 | 8/30/2001 | Draft Work Plan for Catastrophic Hurricane Planning for New Orleans, LA Metropolitan Area | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP. The document is a Draft Work Plan from a contractor proposing a work plan for the Catastrophic Hurricane Planning for New Orleans, LA Metropolitan area. Release of the draft document would expose FEMA's deliberative contracting process, adversely impact the free flow of advice and information, and reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. Further, release of draft, non-final products could result in public confusion. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 651 | No Date | FY2003 Strategic Initiative (Draft) | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP.  This document is part of a strategic plan that took preliminary steps toward creating a Catastrophic Planning Section at FEMA.  It is in draft form.  Release of the document would expose FEMA's deliberative process, adversely impact the free flow of advice and information, and reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications.  Further, release of the document could create public confusion because FEMA did not establish a separate Catastrophic Planning Section. |
| 652-655 | No Date | Proposed Scope of Work for Phase I of Project | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP.  The document is a draft of a scope of work focused on catastrophic disasters prepared in 2001 to plan for catastrophic disasters in the New Orleans Metropolitan area.   Release of the draft document would expose FEMA's deliberative contracting process, adversely impact the free flow of advice and information, and reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications.  Further, release of draft, non-final products could result in public confusion. |
| 656-661 | No Date | Catastrophic Hurricane Planning New Orleans Metropolitan Area | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP.  The document is a draft of a statement of work focused on catastrophic disasters prepared in 2001 to plan for catastrophic disasters in the New Orleans Metropolitan area.   Release of the draft document would expose FEMA's deliberative contracting process, adversely impact the free flow of advice and information, and reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications.  Further, release of draft, non-final products could result in public confusion. |
| 662-673 | No Date | Task Order: Catastrophic Hurricane Planning New Orleans Metropolitan Area | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP.  The document is 2 copies of a draft task order focused on catastrophic disasters prepared in 2001 to plan for catastrophic disasters in the New Orleans Metropolitan area.   Release of the draft document would expose FEMA's deliberative contracting process, adversely impact the free flow of advice and information, and reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications.  Further, release of draft, non-final products could result in public confusion. |
| 674-691 | 6/20/2001 | Draft Catastrophic Disaster Definition and Criteria 7/20/01 | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP.  The documents are 5 copies of a draft of a definition of catastrophic disaster prepared at FEMA in preparation for the possible establishment of a catastrophic planning section in FEMA's Response Division.   The drafts contain handwritten notes.  Release of the draft documents would expose FEMA's deliberative contracting process, adversely impact the free flow of advice and information, and reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications.  Further, release of draft, non-final products could result in public confusion. |
| 692-696 | No Date | Appendix Catastrophic Hurricane Planning New Orleans Metropolitan Area | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP.  The document is a draft of a statement of work focused on catastrophic disasters prepared in 2001 to plan for catastrophic disasters in the New Orleans Metropolitan area.   Release of the draft document would expose FEMA's deliberative contracting process, adversely impact the free flow of advice and information, and reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications.  Further, release of draft, non-final products could result in public confusion. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 697 | No Date | RR Associate Director and Regional Director's Meeting, August 12, 2002 - Issue Paper Catastrophic Planning Program | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP. This document contains a briefing of issues associated with developing a catastrophic planning program. Release of the document would expose FEMA's deliberative process, adversely impact the free flow of advice and information, and reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. Further, release of the document could create public confusion because FEMA did not establish a separate Catastrophic Planning Section. |
| 698-699 | No Date | Catastrophic Planning Section June 21, 2001 Section Meeting | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP. FEMA initiated steps to create a Catastrophic Planning Section as a component of FEMA's Response Division. The Homeland Security Act of 2002 required the consolidation of all existing Federal Government emergency response plans into a single, coordinated national response plan; therefore, FEMA did not establish a separate section. This document is part of the initial documents created in the initial stages of the Catastrophic Planning Section. Release of the document would expose FEMA's deliberative process, adversely impact the free flow of advice and information, and reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. Further, release of the document could create public confusion because FEMA did not establish a separate Catastrophic Planning Section. |
| 700-713 | No Date | Interagency Response Planning Team, Status of First Quarter FY 2004 Milestones | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP. The document is an internal document reflecting milestones planned for the FEMA Response Division and the status of the milestones. There are handwritten notes on the document. Release of the document would expose FEMA's deliberative process, adversely impact the free flow of advice and information, and reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter agency communications. |
| 714-718 | No Date | Multi-Year Sub-Program Element Worksheet FY 2004 - 2009 | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP. The document is an internal document reflecting milestones planned for the FEMA Response Division and the status of the milestones. Release of the document would expose FEMA's deliberative process, adversely impact the free flow of advice and information, and reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 719-726 | No Date | First Quarter Status Report Incident Response Section FY05 Milestones | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP. The document is an internal document reflecting milestones planned for the FEMA Response Division and the status of the milestones. Release of the document would expose FEMA's deliberative process, adversely impact the free flow of advice and information, and reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 727-737 | No Date | Attachment E Sub-Program Element Plan Worksheet - FY 2006-2010 | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP. The document is an internal document reflecting milestones planned for the FEMA Response Division and the status of the milestones. Release of the document would expose FEMA's deliberative process, adversely impact the free flow of advice and information, and reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 738-742 | No Date | Multi-Year Sub-Program Element Worksheet FY 2004 - 2009 | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP.  The document is an internal document reflecting milestones planned for the FEMA Response Division and the status of the milestones.  Release of the document would expose FEMA's deliberative process, adversely impact the free flow of advice and information, and reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 743-778 | No Date | Attachment E Sub-Program Plan Element Worksheet - FY 2006-2010 | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP.  There are one full copy and two partial copies of the document, an internal document reflecting milestones planned for the FEMA Response Division and the status of the milestones.  Release of the document would expose FEMA's deliberative process, adversely impact the free flow of advice and information, and reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 779-787 | No Date | 34.3 - Catastrophic Disaster Planning - RED (38%) - 2 copies | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP.  There are two copies of the document, an internal document reflecting milestones planned for the FEMA Response Division and the status of the milestones.  Release of the document would expose FEMA's deliberative process, adversely impact the free flow of advice and information, and reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 788 | 08/24/04 | Conference Call on Cat Plan Funding | Redacted DPP | This email chain is redacted pursuant to exemption (b)(5), DPP.  The redacted portion reflects deliberations among members of FEMA's Response Division about how to obtain funding for catastrophic planning and has handwritten notes reflecting similar deliberations.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, and, therefore, result in a chilling effect on intra-agency communications. |
| 789-792 | 8/28/2004 | LA Project Budget Update | Redacted DPP | This email chain is redacted pursuant to exemption (b)(5), DPP.  The redacted portion reflects an email from a Regional operations officer to various FEMA staff members and FEMA superiors pertaining to projected funding for catastrophic planning and has handwritten notes.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, and, therefore, result in a chilling effect on intra-agency communications. |
| 793-795 | 8/28/2004 | Questions on Solicitation HSFEHQ-04-Q-00012 | | On January 12, 2007, FEMA released this email chain to CREW.  The released email chain did not contain any exemption (b)(5) redactions. |
| 796-798 | 8/28/2004 | Questions on Solicitation HSFEHQ-04-Q-00012 | Redacted DPP | This email chain among various FEMA staff members is withheld pursuant to exemption (b)(5), DPP.  The email chain is from a FEMA contractor to FEMA staff with questions about a possible contract award and contains handwritten answers to the questions.  FEMA has released a copy of the email chain without the handwritten notes to CREW.  Release of the communication and the predecisional notes reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, and, therefore, result in a chilling effect on intra-agency communications. |
| 799 | 5/27/2004 | Award of Catastrophic Plan for SE Louisiana | | On January 12, 2007, FEMA released this email chain to CREW.  The released email chain did not contain any exemption (b)(5) redactions. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 800 | 4/19/2004 | New Orleans Status | Redacted DPP | This email is among various FEMA staff members is redacted pursuant to exemption (b)(5), DPP.  The email is from one FEMA staff member to another FEMA staff member asking for status updates about working with a contractor in catastrophic planning.  The document reflects intra-agency communications regarding funding and contracting decisions for catastrophic planning.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, and, therefore, result in a chilling effect on intra-agency communications. |
| 801 | 4/26/2004 | Funding for New Orleans and Catastrophic Planning | Redacted DPP | This email is among various FEMA staff members is withheld pursuant to exemption (b)(5), DPP.  The  email is from one FEMA staff member to another seeking advice about the projected budget for catastrophic planning.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 802 | 4/20/2004 | I'm leaving the US and need to talk to you | Redacted DPP | This email chain among various FEMA staff members is withheld pursuant to exemption (b)(5), DPP. The email chain reflects deliberations about the catastrophic planning project and contains questions and has handwritten notes for answers. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, and, therefore, result in a chilling effect on intra-agency communications. |
| 803 | 3/11/2005 | Louisiana Catastrophic Planning | Redacted DPP | This email chain among various FEMA staff members is withheld pursuant to exemption (b)(5), DPP. The email is between FEMA staff regarding funding decisions and scheduling for next session of LA Catastrophic planning and a response with a suggestion about funding and scheduling.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, and, therefore, result in a chilling effect on intra-agency communications. |
| 804-805 | 8/7/2003 | Meeting on Catastrophic Planning for New Orleans | | On January 12, 2007, FEMA released this email chain to CREW.  The released email chain did not contain any exemption (b)(5) redactions. |
| 806 | 6/23/2005 | LA Hurricane Program | Redacted DPP | This email chain among various FEMA staff members is withheld pursuant to exemption (b)(5), DPP.  The email chain contains a status report of FEMA's regional office pertaining to the Louisiana Hurricane Program, including recommendations, funding estimates and opinions by agency officials. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 807 | 3/3/2005 | Cat Planning for New Orleans | Redacted DPP | This email chain among various FEMA staff members is withheld pursuant to exemption (b)(5), DPP.  The email chain contains recommendations for coordinating the catastrophic planning between FEMA's regional office and Headquarters office. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, and, therefore, result in a chilling effect on intra-agency communications. |
| 808-811 | 11/4/2002 | CAT Program Foundation Documents | Redacted DPP | This email chain, and segments thereof, among various FEMA staff members is withheld pursuant to exemption (b)(5), DPP. The email chain is from a FEMA emergency management specialist to various FEMA staff members, including some superiors, and members of other federal agencies and contains briefing materials gathered from notes from conference calls regarding catastrophic planning.  The email chain contains handwritten notes. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, and, therefore, result in a chilling effect on intra- and inter-agency communications.  There are two copies of the email chain. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 812-820 | 5/2/2002 | Mississippi Louisiana Bi-State Evacuation Meeting Minutes | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP.  There are two copies of meeting minutes with handwritten notes from a meeting among various FEMA staff members from regional offices and FEMA HQ, representatives from other federal agencies and representatives from emergency management officials from Mississippi and Louisiana.  The purpose of the meeting was to coordinate evacuation plans among the state and federal responders.  Release of the document would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and among cooperating agencies - and reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 821-823 | No Date | Catastrophic Disaster Planning Projects | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP.  The document, containing handwritten notes, is a preliminary summary (marked "draft" and subject to validation) of planning projects and the status of each project.  Release of the document would expose FEMA's deliberative process, adversely impact the free flow of information, and reveal the deliberative process of agency officials, and, therefore result in a chilling effect on intra- and inter-agency communications. |
| 824 | 12/3/2004 | LA Catastrophic Hurricane plan, Agenda for VTC Briefing 12/3/2004 | Withheld in Full DPP | This document is redacted pursuant to exemption (b)(5), DPP.  The document is a draft of an agenda for a VTC.  Release of the document would expose FEMA's deliberative process, adversely impact the free flow of information, reveal the deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 825-853 | No Date | Draft Hurricane Checklist | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP.  There are 8 different copies of a draft hurricane checklist and generally describes FEMA's hurricane response, including tasks, the responsible agent and notes.  Release of the document would expose FEMA's deliberative process, adversely impact the free flow of information, reveal the deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 854-882 | No Date | National Catastrophic Incident Planning Spending Strategy FY05-10 | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP.  The document reveals a FEMA strategy for catastrophic incident planning spending strategy, including goals and objectives, a summary of future initiatives, a future implementation schedule, and future initiative descriptions.  Release of the document would expose FEMA's deliberative process, adversely impact the free flow of information, reveal the deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 883 | No Date | Branch Meeting Issues - August 27, 2001 | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP.  The document is a list of issues related to catastrophic planning for a branch meeting.  Release of the document would expose FEMA's deliberative process, adversely impact the free flow of information, reveal the deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 884 | No Date | Catastrophic Hurricane Planning for Metropolitan New Orleans Area | | On January 12, 2007, FEMA released this document to CREW.  The released document did not contain any exemption (b)(5) redactions. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 885-902 | No Date | Catastrophic Disaster Response: Current and Projected Activities Sept. 6, 2004 | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP. The document is a proposal prepared by a FEMA contractor for a FEMA official evaluating various topics relating to FEMA's Catastrophic Planning Activities, including catastrophic plans, a requirements analysis during the Florida hurricanes, and disaster response software. Release of the information would expose FEMA's deliberative process, adversely impact the free flow of information, reveal the deliberative process of the agency, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 903-910 | No Date | Pages 4-11 of Catastrophic Plan for Southeast Louisiana and the New Madrid Seismic Zone | Redacted DPP | This document is withheld pursuant to exemption (b)(5), DPP. The document is a partial copy of a proposal from a contractor bidding for the work associated with the catastrophic planning project. The redacted portions are handwritten notes from FEMA officials judging the proposal. Release of the document would expose FEMA's deliberative contracting process, adversely impact the free flow of information, reveal the deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 911 | No Date | 1 page of Catastrophic Disaster Planning. | Withheld in Full DPP | This document is withheld pursuant to exemption (b)(5), DPP. The document is a one page decision paper prepared by FEMA staff containing recommendations as to catastrophic planning. Release of the document would expose FEMA's deliberative process, adversely impact the free flow of information, reveal the deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |

| CREW Bates Number | Document Date | Subject | Withheld Status/ Exemption (b)(5) Privilege | |
|---|---|---|---|---|
| | | | | **CNN/TRO Lawsuit Documents Withheld in Full or in Part Pursuant to Exemption (b)(5)** |
| | | | | On September 9, 2005, Cable News Network LP, LLP ("CNN") filed suit against the Department of Homeland Security ("DHS") and the Federal Emergency Management Agency ("FEMA") in the United States District Court for the Southern District of Texas (Case # CV H-05-3170) claiming that the defendants had violated CNN's First Amendment rights. Plaintiffs sought relief in the form of a temporary restraining order and preliminary injunction. The e-mails set forth in this portion of the index were sent or received by FEMA's attorneys responding to this litigation and attorneys for other federal agencies or entities responding to Hurricane Katrina and are subject to withholding under FOIA Exemption 5 |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 912-913 | 9/9/2005 | Withheld | Withheld in Full Attorney Work Product Privilege (AWP) ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA attorneys and attorneys from the Department of Defense (DOD) who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |
| 914-915 | 9/9/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA attorneys and attorneys from the Department of Justice (DOJ) who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation. These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 916-917 | 9/12/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA and DOD attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.

Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.

Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |
| 918-919 | 9/12/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA DOD attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.

Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.

Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 920-921 | 9/12/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA and DOD attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |
| 922-923 | 9/10/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 922.1 - 922.11 | 9/10/2005 | MEMORANDUM FOR THE RECORD | | On February 17, 2007, FEMA released this court transcript (attachment to the email at page 922) to CREW.  The released court transcript did not contain any exemption (b)(5) redactions. |
| 924-925 | 9/10/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.

Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.

Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 926-927 | 9/10/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.

Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.

Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |
| 928-929 | 9/10/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA and DHS attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.

Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.

Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 930-934 | 9/10/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege. The email chain is between FEMA, DHS, DOJ and DOD attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.

Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.

Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |
| 935-938 | 9/10/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA and DHS attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.

Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.

Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 939-942 | 9/10/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.

Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.

Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |
| 939.1 | 9/10/2005 | MEMORANDUM FOR THE RECORD | | On February 17, 2007, FEMA released this court document (attachment to the email at page 939) to CREW.  The released court document did not contain any exemption (b)(5) redactions. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 943 | 9/10/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA and DHS attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |
| 944 | 9/10/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA and DHS attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 945-948 | 9/12/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA and DOD attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |
| 949-952 | 9/13/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 953 | 9/12/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA and DHS attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.

Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.

Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |
| 954-955 | 9/12/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.

Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.

Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 956-956 | 9/12/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege. The email chain is between FEMA, DOJ, and DOD attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation. These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP. This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP. The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation. This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |
| 960-964 | 9/12/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege. The email chain is between FEMA, DOJ and DOD attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation. These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP. This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP. The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation. This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 965-969 | 9/13/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege. The email chain is between FEMA, DOJ and DOD attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation. These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP. This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP. The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation. This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |
| 970-975 | 9/13/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege. The email chain is between FEMA, DOJ and DOD attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation. These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP. This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP. The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation. This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 976-981 | No Date | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA, DOJ and DOD attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |
| 982 | 9/13/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA and DOD attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 983-984 | No Date | Withheld | Withheld in Full AWP ACP DPP | This document is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege. The email chain is between FEMA attorneys and attorneys from the Department of Defense (DOD) who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation. These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP. This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP. The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation. This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |
| 985-986 | No Date | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege. The email chain is between FEMA attorneys and attorneys from the Department of Defense (DOD) who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation. These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP. This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP. The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation. This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 987 | 9/13/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA and DHS who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.

Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.

Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |
| 988-995 | 9/13/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.

Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.

Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 996-1003 | 9/13/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |
| 1004-1009 | 9/13/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1010 | 9/14/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA, DHS, DOJ and DOD attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |
| 1011 | 9/14/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA and DOJ attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1012 | 9/14/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA and DHS attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |
| 1013 | 9/14/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA, DHS, DOJ and DOD attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1014-1015 | 9/14/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA and DOJ attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |
| 1016 | 9/14/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between DOJ and DOD attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1017 | 9/15/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA, DHS, DOJ, and DOD attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |
| 1018 | 9/9/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA and DHS attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1019 | 9/9/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA and DOD attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |
| 1020-1021 | 9/9/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA, DHS, and DOD attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1022-1023 | 9/9/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA and DOD attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.

Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.

Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |
| 1024-1025 | 9/10/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA and DOD attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.

Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.

Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1026-1028 | 9/10/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA, DOJ and DOD attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |
| 1029-1032 | 9/10/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA, DOJ and DOD attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1033-1036 | 9/10/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege. The email chain is between FEMA, DOJ and DOD attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation. These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP. This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP. The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation. This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |
| 1037-1038 | 9/10/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege. The email chain is between FEMA, DOJ and DOD attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation. These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP. This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP. The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation. This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1039-1041 | 9/10/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA. DOJ and DOD attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |
| 1042-1043 | 9/14/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA and DOJ attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.<br><br>Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1044 | 9/14/2005 | Withheld | Withheld in Full AWP ACP DPP | This email chain is withheld entirely pursuant to exemption (b)(5), Attorney Work Product (AWP) privilege.  The email chain is between FEMA and DOJ attorneys who were involved in representing FEMA and DHS in the CNN litigation. This e-mail is attorney work product because it contains confidential discussions prepared by government attorneys representing FEMA and DHS in the CNN litigation as well as discussions prepared by attorneys representing other federal agencies or entities with an interest in the CNN litigation.  These discussions relate to events in the ongoing litigation and how to respond to the litigation. The material was thus generated by and at the behest of attorneys in contemplation and anticipation of the CNN litigation. Disclosure would interfere with FEMA's confidential preparations for litigation.

Further, the email chain is withheld in part pursuant to exemption (b)(5), ACP.  This e-mail represents confidential communications to and from attorneys representing FEMA regarding the CNN litigation and the federal government's response as a defendant in the CNN litigation. The e-mail contains confidential communications made for purposes of rendering legal advice to agency defendants in the CNN litigation. Accordingly, it is protected by ACP.

Further, the email chain is withheld in part pursuant to exemption (b)(5), DPP.  The email chain reflects internal communications between FEMA attorneys and attorneys representing other federal agencies or entities regarding responses to the CNN litigation.  This information is pre-decisional and deliberative because the decision-making process regarding how to respond to the CNN litigation was on-going at the time the e-mail was drafted, and because the information contained in the email is a direct part of that deliberative process. Release of the document would have a chilling effect on FEMA's decision-making process. |

| CREW Bates Number | Document Date | Subject | Withheld Status/ Exemption (b)(5) Privilege | Situation Reports Withheld in Full Pursuant to Exemption b(5) |
|---|---|---|---|---|
| 1045 - 1202 | | | | On January 12, 2007, FEMA released these situation reports to CREW.  The released situation reports did not contain any exemption (b)(5) redactions. |
| 1203-1207 | 9/14/2005 | | Withheld in full DPP | This document is withheld pursuant to exemption (b)(5), DPP.  The document is a draft of a situation report, containing handwritten notes, edits and suggestions.  Release of the document would expose FEMA's deliberative process, adversely impact the free flow of information, and reveal the deliberative process of agency officials, and, therefore result in a chilling effect on intra- and inter-agency communications. |
| 1208 - 1343 | | | | On January 12, 2007, FEMA released these situation reports to CREW.  The released situation reports did not contain any exemption (b)(5) redactions. |

| CREW Bates Number | Document Date | Subject | | Hurricane Katrina Emails Withheld in Full or in Part Pursuant to Exemption b(5) |
|---|---|---|---|---|
| 1344-1346 | | Friend of Lea Anne's | | On February 17, 2007, FEMA released this email chain to CREW.  The released email chain did not contain any exemption (b)(5) redactions. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1347-1348 | | Loews Hotel - New Orleans - 150 people trapped. | | On January 12, 2007, FEMA released this email chain to CREW. The released email chain did not contain any exemption (b)(5) redactions. |
| 1349 | 8/30/2005 | Redacted b(5), DPP | Redacted DPP | This email is redacted pursuant to exemption (b)(5), DPP. The text includes key talking points related to security and legal issues following Hurricane Katrina. The text and subject line reflects intra-agency discussion about the manner in which to appropriately respond to issues arising from Hurricane Katrina. The approach discussed in the email was not finally adopted by the Agency. Release of the predecisional communication would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. Further, release of a non-final discussion that was not ultimately implemented would result in public confusion. |
| 1350-1359 | 8/30/2005 | Could you send this email to White House Communications? | Redacted DPP | This email chain and various segments thereof is redacted pursuant to exemption (b)(5), DPP. The redacted text involves a possible response to the website posting and FEMA staff members reacting to the suggested response. The text reflects inter-agency discussions, deliberations and suggestions regarding the response to Hurricane Katrina and reflects issues such as how to appropriately coordinate the response among the federal responders. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1360-1361 | 8/30/2005 | Tasker from HSOC | Redacted DPP | This email chain and segments thereof is redacted pursuant to exemption (b)(5), DPP. The email reflects inter-agency discussions that were potentially to take place regarding evacuation plans in the wake of Hurricane Katrina. The text reflects inter-agency discussions, deliberations and suggestions regarding the response to Hurricane Katrina and reflects issues such as how to appropriately share information and coordinate the response among the federal responders. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications |
| 1362-1365 | 8/31/2005 | Rooms/Redacted (b)(5), PCP | Withheld in full PCP DPP | The entire email chain is withheld pursuant to exemption (b)(5), PCP. Portions of the email chain are authored or received by White House advisers and circulated to FEMA staff. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.

Further, segments of this email chain are protected pursuant to exemption (b)(5), DPP. The portion of the email protected pursuant to DPP is about the logistics of arranging for travel to the Gulf Coast area. The text reflects inter-agency discussions, deliberations and suggestions regarding the response to Hurricane Katrina and reflects issues such as how to appropriately coordinate the response among the federal responders. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1366-1368 | 9/1/2005 | Redacted b(5), PCP | Redacted PCP DPP | The text and subject line of this email chain is protected pursuant to exemption (b)(5), PCP. The text reveals communications from White House advisers or their staff to FEMA staff. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>Further, segments of this email chain are protected pursuant to exemption (b)(5), DPP. The portion of the email protected pursuant to DPP is about FEMA staff members' initial response to the request for information and a plan for further action. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1369 | 9/1/2005 | Cost Share Adjustment | Redacted PCP ACP | This email chain is redacted pursuant to exemption (b)(5), PCP. The text reveals communications from White House advisers or their staff to FEMA staff. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>Further, the email chain is also redacted pursuant to exemption (b)(5), ACP. The original email, which relates to the federal-state cost share for Hurricane Katrina, is between attorneys from FEMA's Office of Chief Counsel and then is forwarded to FEMA staff. The document contains confidential communications between governmental attorneys and their clients and was made for the purpose of rendering legal advice and services. |
| 1370-1378 | 9/1/2005 | Situation Report for Secretary Chertoff | Redacted DPP | This email chain and various segments thereof is withheld in part pursuant to exemption (b)(5), DPP. The redacted portion of the email contains information sent as a preliminary briefing from FEMA staff to FEMA advisers in anticipation of a briefing for the Secretary of DHS. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1379 | 9/2/2005 | Call please | Redacted PCP DPP | The text of this email chain is redacted in part pursuant to exemption (b)(5), PCP. The text redacted pursuant to PCP reveals communications between the President and the former Under Secretary. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>Further, the text of this email chain is redacted in part pursuant to exemption (b)(5), DPP. The text redacted pursuant to DPP is a summary of information received by FEMA from Louisiana state responders regarding the State response to fires caused by Hurricane Katrina and the rationale for the response. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1380 | 9/3/2005 | Contact | Redacted PCP DPP | The text of this email chain is redacted in part pursuant to exemption (b)(5), PCP.  The text redacted pursuant to PCP reveals intended communications between FEMA staff and White House advisers. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.

Further, this email chain is redacted in part pursuant to exemption (b)(5), DPP.  The portion of the email redacted pursuant to DPP reflects plans for the Hurricane Katrina response in St. Bernard Parish.  It is unclear whether the planned actions were taken.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of information, reveal the reasoning and deliberative process of agency officials and, therefore, result in a chilling effect on intra-  and inter-agency communications. |
| 1381-1382 | 9/3/2005 | Transportation | Redacted DPP | This email chain and segments thereof is redacted pursuant to exemption (b)(5), DPP.  The redacted portions of the email contain  a recommendation from a subordinate to a list of superiors and a response to the recommendation.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials and, therefore, result in a chilling effect on intra-  and inter-agency communication |
| 1383 | | | | This page is non-responsive to CREW's request and was mistakenly included in the numbered documents.  It has been removed. |
| 1384-1385 | 9/5/2005 | RE: Briefing for Chertoff tomorrow. | Redacted DPP | This email chain and segment thereof is redacted pursuant to exemption (b)(5), DPP. The redacted email contains a list of requested topics for a briefing from FEMA officials to DHS officials.  The text reflects inter-agency discussions, deliberations and suggestions regarding the response to Hurricane Katrina and reflects issues such as how to appropriately coordinate the response among the federal responders.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1386 | 8/26/2005 | Redacted (b)(5), PCP | Withheld in Full PCP | The entire email chain is withheld pursuant to exemption (b)(5), PCP.  The email chain is between a White House adviser and the former Under Secretary.  The text reflects information gathering in preparation for damage caused by Hurricane Katrina. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process. |
| 1387-1388 | 8/27/2005 | Redacted (b)(5), PCP | Withheld in Full PCP

Withheld in Part DPP | The entire email chain is withheld pursuant to exemption (b)(5), PCP.  The email chain is between a White House adviser and the former Under Secretary.  The text reflects information gathering, a briefing, and recommendations in preparation for damage caused by Hurricane Katrina. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.

Further, this email chain is redacted in part pursuant to exemption (b)(5), DPP.  The portion of the email redacted pursuant to DPP reflects a briefing and recommendations from the former Under Secretary to the White House senior official regarding the response to Hurricane Katrina.   Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of information, reveal the reasoning and deliberative process of agency officials and, therefore, result in a chilling effect on intra-  and inter-agency communications. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1389-1396 | 8/27/2005 | Evacuation and other | Redacted PCP DPP | The email chain and various segments thereof is redacted in part pursuant to exemption (b)(5), PCP. The text redacted pursuant to PCP reveals communications between White House advisers or their staff and FEMA staff. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.

Further, the email chain and various segments thereof are withheld in part under exemption (b)(5), DPP. The redacted portions reflect two different issues raised in the email chain. The first is the second paragraph of an email sent from a subordinate to the former Under Secretary regarding a video teleconference (VTC) schedule and reflects the details of a debate between agencies about the appropriate participants in conference discussions. The second issue involves a discussion about possible rescue operations as coordinated between the state and federal government. The text reflects inter-agency discussions, deliberations and suggestions between FEMA leadership regarding the response to Hurricane Katrina and reflects issues such as how to appropriately coordinate the response among the federal and state governments. Release of the therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications |
| 1397-1414 | 8/28/2005 | Superdome | Redacted PCP DPP | The text of this email chain is redacted in part pursuant to exemption (b)(5), PCP. The text redacted pursuant to PCP reveals intended communications between the former Under Secretary and White House advisers. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.

Further, the email chain and various segments thereof is redacted pursuant to exemption (b)(5), DPP. The portion of the email chain redacted pursuant to DPP is pertaining to a debate among the former Under Secretary and his staff regarding a personnel decision. The document reflects inter- and intra-agency communications regarding personnel decisions and the level of coordination required from other agencies. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1415 | 8/28/2005 | IIMG | Redacted PCP DPP | The text of this email chain is redacted in part pursuant to exemption (b)(5), PCP. The text redacted pursuant to PCP reveals communications between White House advisers or their staff and FEMA staff. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.

Further, the email chain is redacted in part pursuant to exemption (b)(5), DPP. The email chain is between the former Under Secretary and his staff and reflects debate regarding whether to set up an Interagency Incident Management Group (IIMG). Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1416-1417 | 8/29/2005 | VTC Today | Redacted PCP DPP | The original email that was forwarded to FEMA staff is protected pursuant to exemption (b)(5), PCP. The original email is authored by a White House adviser and then circulated among FEMA staff. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>Further, the email chain and segments thereof is protected in part pursuant to exemption (b)(5), DPP. The redacted portion reflects predictive opinions about possible participants in discussions. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1418 | 8/29/2005 | DPA | Redacted ACP DPP | This email is redacted pursuant to exemption (b)(5), ACP. The email is from FEMA's Chief Counsel to the former Under Secretary and his staff regarding a particular draft program determination. It contains confidential communications made for the purpose of rendering legal advice.<br><br>Further, the email is also redacted pursuant to exemption (b)(5), DPP. The text reflects recommendations and advice regarding Katrina and the draft program determination. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of information, reveal the reasoning and deliberative process of agency officials and, therefore, result in a chilling effect on intra-agency communications. |
| 1419-1424 | 8/29/2005 | Operations Center Annex Volunteers | Redacted PCP DPP | The text of this email chain is redacted in part pursuant to exemption (b)(5), PCP. The text redacted to PCP reveals communications between White House advisers and the former Under Secretary. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>Further, the email chain and segments thereof is redacted pursuant to exemption (b)(5), DPP. The portion redacted pursuant to DPP reflects discussions about FEMA's disaster declarations process and the possibility of a particular declaration. The disaster declarations process involves requests from states or local governments for disaster declarations. FEMA analyzes the requests and then prepares recommendations regarding the requests for the White House. FEMA is not the final decision maker on disaster declarations. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1425 | 8/29/2005 | Redacted (b)(5), PCP | Withheld in Full PCP | The entire email chain is withheld pursuant to exemption (b)(5), PCP. The emails are between a White House adviser and the former Under Secretary. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process. |
| 1426-1428 | 8/31/2005 | (No Subject) | Redacted DPP | This email chain and segments thereof are redacted pursuant to exemption (b)(5), DPP. The redacted portion of the email chain reflects discussions about a possible personnel decision. The document reflects inter-agency communications regarding personnel decisions and the level of coordination required from other agencies. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1429-1431 | 9/1/2005 | Redacted (b)(5), PCP | Withheld in Full PCP DPP | The entire email chain is withheld pursuant to exemption (b)(5), PCP. The emails are between several White House advisers and FEMA staff, including the former Under Secretary.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>Further, the email chain and segments thereof are protected in part pursuant to exemption (b)(5), DPP.  The portion redacted pursuant to DPP reflects suggested plans for housing Hurricane Katrina first responders. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1432-1435 | | Urgent: from Pierre LeBovics, Consul General of France in New Orleans: evacuation of French and other European Union citizens | | On February 17, 2007, FEMA released this email chain to CREW.  The released email chain did not contain any exemption (b)(5) redactions. |
| 1436-1437 | 9/1/2005 | Updated Briefing | Redacted PCP DPP | The text of this email chain is redacted in part pursuant to exemption (b)(5), PCP.  The text redacted pursuant to PCP reveals intended communications between the former Under Secretary and the President.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>Further, the email chain is redacted in part pursuant to exemption (b)(5), DPP.  The portion of the email redacted pursuant to DPP pertains to a draft briefing on response to Hurricane Katrina from subordinates to superiors.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1438 | | MREs | | On January 12, 2007, FEMA released this email to CREW.  The released email did not contain any exemption (b)(5) redactions. |
| 1439 | | MREs | Redacted DPP | The email chain is redacted in part pursuant to exemption (b)(5), DPP.  The portion of the email redacted pursuant to DPP pertains to a potential arrangement for inter-agency coordination during travel for Hurricane Katrina.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1440 | | New Orleans | | On January 12, 2007, FEMA released this email to CREW.  The released email did not contain any exemption (b)(5) redactions. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1441-1446 | 9/1/2005 | Grape vine | Redacted PCP DPP | The text of this email chain is redacted in part pursuant to exemption (b)(5), PCP.  The text redacted pursuant to PCP reveals communications between White House advisers or their staff and FEMA staff.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.  Further, the email chain and various segments thereof are redacted pursuant to exemption (b)(5), DPP.  The portion of the email redacted pursuant to DPP reveals recommendations and deliberations between FEMA staff and the former Under Secretary pertaining to media appearances and personnel decisions.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of the agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1447-1449 | 8/31/2005 | Follow up from the White House | Redacted PCP | The text of this email chain is redacted in part pursuant to exemption (b)(5), PCP.  The redacted text reveals communications regarding the President between White House advisers or their staff and FEMA staff.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process. |
| 1450-1473 | 8/31/2005 | hurricane effort/cruise ships fup | Redacted DPP | This email chain and various segments thereof are redacted pursuant to exemption (b)(5), DPP.  The redacted portion of the email chain pertains to a deliberation and debate between the former Under Secretary and his staff regarding how to use and implement an offer of housing assistance.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 1474-1480 | 9/2/2005 | (No Subject) | Redacted PCP DPP | The text of this email is redacted in part pursuant to exemption (b)(5), PCP.  The text redacted pursuant to PCP reveals communications between the President and the former Under Secretary.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.  Further, the text of this email is redacted in part pursuant to exemption (b)(5), DPP.  The text redacted pursuant to DPP involves a discussion about the appropriate response to fires caused by Hurricane Katrina.   Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1481 | 9/2/2005 | request | Redacted DPP | This email chain is redacted pursuant to exemption (b)(5), DPP.  The communication reflects discussion about a decision regarding the interaction and coordination between the federal and state responders to Hurricane Katrina.   Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1482; 1485-1489 | 9/1/2005 | Redacted b(5), PCP | Redacted PCP DPP | The text and subject line of this email chain is redacted pursuant to exemption (b)(5), PCP.  The text redacted pursuant to PCP reveals communications between the President and the former Under Secretary.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>Further, the email chain and segments thereof are redacted pursuant to exemption (b)(5), DPP.  The portion of the email redacted pursuant to DPP reflects discussions pertaining to security and regarding the level of interaction and coordination between the federal responders and FEMA including how FEMA could implement its response.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency |
| 1483-1484; 1551-1552 | 9/7/2005 | Private Security Issue | Redacted ACP DPP | This email chain and segments thereof are redacted pursuant to exemption (b)(5), the attorney client privilege. The email is between FEMA and DHS attorneys and FEMA staff pertaining to a private security issue.  In the text of the email counsel for the Department are offering legal advice, summaries and recommendations in determining a proper response to Hurricane Katrina security issues.  The document contains confidential communications made for the purpose of rendering legal advice.<br><br>Further, the email chain and segments thereof are redacted pursuant to exemption (b)(5),DPP. The portion of the email redacted pursuant to DPP reflects a debate regarding the particular response to the private security issue.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of information, reveal the reasoning and deliberative process of agency officials and, therefore, result in a chilling effect on intra- and inter-agency communications |
| 1490-1499 | 9/2/2005 | Georgia Regional Write-up, PA | Redacted ACP DPP | This email chain and various segments thereof is redacted in part pursuant to exemption (b)(5), the attorney-client privilege. The email chain is between FEMA attorneys and FEMA staff and pertains to disaster and emergency declarations and the potential provision of housing for Hurricane Katrina evacuees.  FEMA's Office of Chief Counsel provided legal advice, summaries and recommendations in determining the proper way to submit requests for disaster and emergency declarations and provide housing. The document contains confidential communications from government attorneys made for the purpose of rendering legal advice.<br><br>Further, the email chain and various segments thereof is redacted pursuant to exemption (b)(5), DPP.  The portion of the email chain redacted pursuant to DPP reflects deliberations about FEMA's disaster declarations process, a request for recommendation/concurrence and deliberations regarding housing for Hurricane Katrina evacuees. Following a major disaster, each state must request a disaster declaration.  Following Hurricane Katrina, states housing disaster victims requested |
| 1500-1503 | | H.R. 3645/Hurricane Katrina Supp has been signed into law by President | | On February 17, 2007, FEMA released this email chain to CREW.  The released email chain did not contain any exemption (b)(5) redactions. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1504 | 9/1/2005 | FAA Urgent | Redacted PCP DPP | The text of this email is redacted in part pursuant to exemption (b)(5), PCP.  The text redacted pursuant to PCP reveals communications between a White House adviser and the former Under Secretary.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>Further, the email is redacted pursuant to exemption (b)(5), DPP.  The portion redacted pursuant to DPP reflects discussion of a rumor about FEMA's position on an agency coordination issue and how to respond to that rumor.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1505 | 9/3/2005 | Help/Report from Lott Staff | Redacted PCP DPP | The email chain is redacted in part pursuant to exemption (b)(5), PCP.  The email redacted is from a White House adviser and is circulated to FEMA staff, including the former Under Secretary.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>Further, the email chain is redacted pursuant to exemption (b)(5), DPP.  The portion of the email redacted pursuant to DPP is a recommendation for a solution to problem outlined in the first part of the email.  It is not clear whether a final decision was made with respect to the suggestion.  Release of the predecisional recommendation would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1506-1507 | 9/3/2005 | St. Bernard Parish Supplies | Redacted PCP DPP | Portions of this email chain are redacted pursuant to exemption (b)(5), PCP.   The email chain contains emails from the former Under Secretary to a White House adviser and the Secretary of DHS. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>Further, the email chain and various segments thereof are redacted pursuant to exemption (b)(5), DPP.  The portion of the email chain redacted pursuant to DPP is a suggestion for responding to the problems related to delivering medical supplies outlined in the first email. Released of the predecisional suggestion would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1508 | | Talking Points | | On January 12, 2007, FEMA released this email to CREW.  The released email did not contain any exemption (b)(5) redactions. |
| 1509-1513 | 9/4/2005 | Opportunity for PFO Direct Support - Commercial Helicopter Video Capability | Redacted DPP | This email chain and segment thereof is redacted pursuant to exemption (b)(5), DPP.  The text contains a suggested approach, request for recommendation and response pertaining to helicopter support for Agency during Hurricane Katrina response.  Release of the communication and predecisional discussion reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials and, therefore, result in a chilling effect on intra- and inter-agency communications. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1514-1519 | 9/4/2005 | Briefing for Chertoff tomorrow | Redacted DPP | This email chain and segments thereof are redacted pursuant to exemption (b)(5), DPP. The redacted portion of the email chain bequests certain response-related topics for advice to be provided in a briefing from FEMA officials to DHS officials.  The text reflects inter-agency discussions, deliberations and suggestions between federal responders regarding the response to Hurricane Katrina and reflects issues such as how to appropriately coordinate the response among the federal responders. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1517.1 - 1517.6 | No Date. | KATRINA JFO Org Structure | Withheld in full DPP | This attachment to the email on page 1517 is withheld in full pursuant to exemption (b)(5), DPP.  The document is a draft of the possible organization structure for the Hurricane Katrina Joint Field Office (JFO).  The document was later edited and re-circulated. Release of the draft documents would expose FEMA's deliberative process, adversely impact the free flow of information - both within the Agency and between the cooperating agencies - and reveal the deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications |
| 1520-1521 | 9/4/2005 | congressman melancon | Redacted PCP | Portions of the email chain are withheld pursuant to exemption (b)(5), PCP. The portion withheld pursuant to PCP are emails between several White House advisers and forwarded to FEMA staff, the former Under Secretary.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process. |
| 1522 | 9/4/2005 | Redacted b(5), PCP | Withheld in full PCP DPP | The entire email chain is withheld pursuant to exemption (b)(5), PCP.  The emails are between a White House adviser and the former Under Secretary.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.

Further, the email chain and various segments thereof are redacted pursuant to exemption (b)(5), DPP.  The portion of the email chain redacted pursuant to DPP is a brief summary regarding inter-agency coordination between federal responders. Released of the predecisional suggestion would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1523 | 9/5/2005 | Redacted b(5), PCP | Withheld in full PCP | The entire email chain is withheld pursuant to exemption (b)(5), PCP.  The emails are between a White House adviser and the former Under Secretary.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process. |
| 1524 | 9/5/2005 | Jackson request | Redacted DPP | This email chain is redacted pursuant to exemption (b)(5), DPP. The redacted portion of the email chain raises an issue about the response to Katrina and requests briefing on the resolution of that issue.  The text reflects inter-agency discussions, deliberations and suggestions between federal responders regarding the response to Hurricane Katrina and reflects issues such as how to appropriately coordinate the response among the federal responders.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1525 | | Dmort | | On February 17, 2007, FEMA released this email chain to CREW.  The released email chain did not contain any exemption (b)(5) redactions. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1526-1529 | 9/5/2005 | Redacted b(5), PCP | Withheld in full PCP Part DPP | The entire email chain is withheld pursuant to exemption (b)(5), PCP.  The emails are between a former Congressman, White House advisers, and FEMA and DHS staff, including the former Under Secretary.  The text reflects summaries and recommendations regarding the federal government response to Hurricane Katrina.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>Further, various segments of the email chain are redacted pursuant to exemption (b)(5), DPP.  The portion of the email chain redacted pursuant to DPP is a recommendation for the federal response to the damage caused by Hurricane Katrina.  Released of the predecisional suggestion would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1530 | | Cruise Ships | | On January 12, 2007, FEMA released this email to CREW.  The released email did not contain any exemption (b)(5) redactions. |
| 1531-1546 | 9/7/2005 | Legislative Affairs | Redacted PCP DPP | Portions of this email chain are withheld entirely pursuant to exemption (b)(5), PCP.  The portions withheld entirely pursuant to PCP are emails are between a White House adviser and the former Under Secretary.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>Further, the email chain and various segments thereof is redacted in part pursuant to exemption (b)(5), DPP.  The portion of the email chain redacted pursuant to DPP is pertaining to a debate over a personnel decision and the appropriate level of interaction between FEMA and other agencies.  The redacted text reflects inter- and intra-agency communications regarding personnel decisions and the level of coordination required from other agencies. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative |
| 1547-1548 | 9/6/2006 | Cruise Ships | Redacted DPP | The text of this email chain is redacted pursuant to exemption (b)(5), DPP.  The email reveals a proposed housing strategy sent from FEMA to a member of Congress.  The document reflects inter- and intra-agency communications regarding recovery strategies.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1549-1550 | 9/7/2005 | St Bernard Parish | Redacted DPP | The text of the email chain and various segments thereof is redacted pursuant to exemption (b)(5), DPP.  The redacted portion of the email contains a recommendation from the former Under Secretary to the DHS Secretary regarding the housing options available for the area.  The document reflects inter- and intra-agency communications regarding recovery strategies.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1552 | | Helo Problems | | On February 17, 2007, FEMA released this email to CREW.  The released email did not contain any exemption (b)(5) redactions. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1553-1556 | 9/7/2005 | Interview with Mike Brown and Bill Lokie | Redacted DPP | This email chain and segments thereof are redacted pursuant to exemption (b)(5), DPP. The redacted portion of the email pertains to recommendations and deliberations by the Public Affairs staff to FEMA officials dealing with the media response to Hurricane Katrina. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of the public affairs office, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1557-1559 | 9/6/2005 | Draft | Redacted DPP | This email chain and segments thereof are redacted pursuant to exemption (b)(5), DPP. The email chain contains the draft text of a letter from the former Under Secretary to FEMA staff and suggestions. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process, and, therefore, result in a chilling effect on intra-agency communications. |
| 1560-1609 | 9/7/2005 | Katrina_Timeline_Draft | Redacted DPP | This email chain and its attachment is withheld pursuant to exemption (b)(5), DPP. The attachment is withheld entirely pursuant to exemption (b)(5), DPP. The redacted portion of the email contains a suggestion from a member of the public affairs office to the former Under Secretary.<br><br>The timeline attachment is a draft, internal document related to Hurricane Katrina that underwent several additional drafts and corrections and has not been finalized. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of the public affairs office, and, therefore, result in a chilling effect on intra- and inter-agency communications. Further, release of a draft that is not a final document could result in public confusion. |
| 1610-1611 | 9/8/2005 | Katrina_Timeline_Draft | Redacted DPP | This email chain is redacted pursuant to exemption (b)(5), DPP. The redacted portion of the email contains a suggestion from a member of the public affairs office to the former Under Secretary. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of the public affairs office, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1612-1614 | | Red Cross blocked by local government? | | On February 17, 2007, FEMA released this email chain to CREW. The released email chain did not contain any exemption (b)(5) redactions. |
| 1615-1618 | 9/8/2005 | USS Comfort | Redacted DPP | This email chain and various segments thereof is redacted pursuant to exemption (b)(5), DPP and reveals a proposed housing strategy from FEMA. The document reflects inter- and intra-agency communications regarding recovery strategies. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1619 | 9/8/2005 | Housing Area Command Special Report for VP Visit | Redacted PCP DPP | The text of this email chain is redacted in part pursuant to exemption (b)(5), PCP.  The text redacted pursuant to PCP reveals communications between White House advisers or their staff and FEMA staff. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.

Further, the email chain and segments thereof is redacted pursuant to exemption (b)(5), DPP.  The portion redacted pursuant to DPP is a proposal regarding the report to be sent. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1619.1 - 1619.18 | No Date. | FEMA SEC D+10.ppt | Withheld in Full PCP DPP | The attachment to the email at page 1619 is withheld in full pursuant to exemption (b)(5), PCP.  The attachment is a proposed version of special report to be delivered to White House advisers or their staff.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.

Further, the attachment is withheld pursuant to exemption (b)(5), DPP.   The document is a draft of a report regarding strategies for housing following Hurricane Katrina.  Release of the draft documents would expose FEMA's deliberative process, adversely impact the free flow of information - both within the Agency and between the cooperating agencies -  and reveal the deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1620-1622 | 9/8/2005 | Update from PFO Mil Asst Office. | Redacted PCP | Portions of the email chain are withheld entirely pursuant to exemption (b)(5), PCP. The portions withheld entirely pursuant to PCP are between the former Under Secretary and White House advisers. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process. |
| 1623-1624 | 8/28/2005 | tomorrow's VTC | Redacted DPP | This email chain and segment thereof is redacted pursuant to exemption (b)(5), DPP.  The redacted portion reflects a suggestion between FEMA staff and the former Public Affairs Director regarding the appropriateness of the participants and content of the VTCs.  The text reflects inter-agency discussions and deliberations between FEMA leadership regarding the manner in which FEMA would work with the media when coordinating the response to Hurricane Katrina and decisions about what information should be made publicly available.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications |
| 1625 | 8/28/2005 | (No subject) | Redacted DPP | This email chain is redacted pursuant to exemption (b)(5), DPP.  The redacted portion reflects discussions about FEMA's disaster declarations process in the wake of hurricane Katrina.  The disaster declarations process involves requests from states or local governments for disaster declarations.  FEMA analyzes the requests and then prepares recommendations regarding the requests for the White House.   FEMA is not the final decision maker on disaster declarations.  Release of the communication and the predecisional discussions reflected therein would expose the agency's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1626 | | need to know if the Gov or Mayor is going to call for mandatory evacuation of NO asap!!! | | On January 12, 2007, FEMA released this email chain to CREW. The released email chain did not contain any exemption (b)(5) redactions. |
| 1627-1628 | 8/28/2005 | Superdome | Redacted PCP DPP | The text of this email chain is redacted in part pursuant to exemption (b)(5), PCP. The text redacted pursuant to PCP reveals intended communications between the former Under Secretary and White House advisers. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.

Further, the email chain and segments thereof is redacted pursuant to exemption (b)(5), DPP. The portion redacted pursuant to DPP is pertaining to a debate among the former Under Secretary and his staff regarding a personnel-related issue. The document reflects inter- and intra-agency communications regarding personnel decisions and the level of coordination required from other agencies. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling |
| 1629 | 8/28/2005 | IIMG | Redacted PCP DPP | The text of this email chain is redacted in part pursuant to exemption (b)(5), PCP. The text redacted pursuant to PCP reveals communications between the White House advisers or their staff and FEMA staff. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.

Further, the email chain and segments thereof is redacted pursuant to exemption (b)(5), DPP. The portion redacted pursuant to DPP is between the former Under Secretary and his staff and reflects debate regarding the possibility of setting up an Interagency Incident Management Group (IIMG). Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 1630-1632 | 8/29/2005 | VTC Today | Redacted PCP DPP | Portions of the email chain are withheld entirely pursuant to exemption (b)(5), PCP. The portions withheld entirely pursuant to PCP between a White House adviser and FEMA staff to be distibuted to the former Under Secretary. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.

Further, the email chain and various segments thereof is redacted in part pursuant to exemption (b)(5), DPP. The portion of the email chain redacted pursuant to DPP is pertaining to coordination between federal responders for a conference call. The redacted text reflects inter- and intra-agency communications regarding personnel decisions and the level of coordination required from other agencies. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling e |
| 1633-1634 | 8/29/2005 | COS VTC | Redacted DPP | This email is redacted pursuant to exemption (b)(5), DPP. The email is a briefing from a subordinate to FEMA officials pertaining to the day's video teleconference. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1635 | 8/29/2005 | DPA | Redacted ACP DPP | This email is redacted pursuant to exemption (b)(5), ACP.  The email is from FEMA's Chief Counsel to FEMA staff regarding a particular draft program determination.  The document contains confidential communications made for the purpose of rendering legal advice.<br><br>Further, the email is redacted pursuant to exemption (b)(5), DPP.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1636-1638 | 8/29/2005 | Alabama? | Redacted PCP DPP | Portions of the email chain are withheld entirely pursuant to exemption (b)(5), PCP. The portions withheld entirely pursuant to PCP are emails are between a White House adviser and FEMA staff. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>Further, the email chain and segments thereof are redacted pursuant to exemption (b)(5), DPP.  The portion redacted pursuant to DPP reflects discussion and deliberation about FEMA's disaster declarations process in the wake of Katrina.  The disaster declarations process involves requests from states or local governments for disaster declarations.  FEMA analyzes the requests and then prepares recommendations regarding the requests for the White House.   FEMA is not the final decision maker on disaster declarations. Release of the communication and the predecisional discussions reflected therein would subject FEMA to unwarranted public scrutiny, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1639-1641 | 8/29/2005 | Hurricane Information | Redacted PCP DPP | Portions of the email chain are withheld entirely pursuant to exemption (b)(5), PCP. The portions withheld entirely pursuant to PCP are emails are between a White House adviser and FEMA staff. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>Further, the email chain and segments thereof are redacted pursuant to exemption (b)(5), DPP.  The portion redacted pursuant to DPP is a summary from a White House official to FEMA and DHS staff regarding the level of cooperation and interaction between federal responders. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 1642-1646 | 8/29/2005 | Hurricane Katrina | Redacted DPP | This email chain and segments thereof are redacted pursuant to exemption (b)(5), DPP.  The email contains a draft of a letter to DHS staff and suggestions for the final version of the letter.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1647-1649; 1697-1698 | | FW: Urgent Request | | On February 17, 2007, FEMA released this email chain to CREW.  The released email chain did not contain any exemption (b)(5) redactions. |
| 1650-1652 | 8/29/2005 | (No Subject) | Redacted PCP | The text of this email chain is redacted in part pursuant to exemption (b)(5), PCP.  The text redacted pursuant to PCP reveals intended communications between White House advisers and the former Under Secretary.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1653 | | FEMA-1602-DR-FL Situation Report No. 04, ICS201, ICS202, and ICS203 attached | | On January 12, 2007, FEMA released this email to CREW. The released email did not contain any exemption (b)(5) redactions. |
| 1654 | 8/29/2005 | Katrina | | This page is non-responsive to CREW's request and was mistakenly included in the numbered documents. It has been removed. |
| 1655 | 8/29/2005 | Update | Redacted DPP | This email is redacted pursuant to exemption (b)(5), DPP. The email is a briefing from FEMA to a senior DHS official regarding the ongoing response to Katrina. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1656 | 8/29/2005 | LA and MS | Redacted DPP | This email is redacted pursuant to exemption (b)(5), DPP. The redacted portion reflects advice about FEMA's disaster declarations process. The disaster declarations process involves requests from states or local governments for disaster declarations. FEMA analyzes the requests and then prepares recommendations regarding the requests for the White House. FEMA is not the final decision maker on disaster declarations. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1657-1658 | 8/30/2005 | PSO Update on Katrina | Redacted DPP | This email chain and segment thereof is redacted pursuant to exemption (b)(5), DPP. The email is a briefing from FEMA to DHS officials regarding Katrina. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1659 | | FEMA-1602-DR-FL Situation Report No. 05, ICS201, ICS202, and ICS203 attached | | On January 12, 2007, FEMA released this email to CREW. The released email did not contain any exemption (b)(5) redactions. |
| 1660-1663 | 8/30/2005 | InterAgency | Redacted PCP DPP | The text of this email chain is redacted in part pursuant to exemption (b)(5), PCP. The text redacted pursuant to PCP reveals communications and intended communications between White House advisers and the President and the former Under Secretary. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>Further, the email chain and segments thereof is redacted pursuant to exemption (b)(5), DPP. The portion redacted pursuant to DPP reflects recommendations and discussion of an idea regarding the interaction and coordination between the federal and state responders to Hurricane Katrina, as well as certain other issues relating to the response to Katrina. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1664-1670 | 8/30/2005 | Need your help | Redacted PCP DPP | Portions of the email chain are withheld entirely pursuant to exemption (b)(5), PCP. The portions withheld entirely pursuant to PCP are emails are between a White House adviser and FEMA staff. The purpose of the communications was to assist and advise in the presidential decision-making process. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>Further, the email chain and segments thereof are redacted pursuant to exemption (b)(5), DPP. The portion redacted pursuant to DPP pertains to recommendations and deliberations by the Public Affairs staff to FEMA officials dealing with the media response to Hurricane Katrina. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of the public affairs office, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1671 | 8/30/2005 | Katrina Talking Points | Redacted DPP | This email chain is redacted pursuant to exemption (b)(5), DPP. The redacted portion of the email pertains to recommendations and deliberations by the Public Affairs staff to FEMA officials dealing with the media response to Hurricane Katrina. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of the public affairs office, and, therefore, result in a chilling effect on intra-agency communications. |
| 1671.1 - 1671.4 | 8/30/2005 | Katrina Talking Points | | On February 17, 2007, FEMA released the attachment to page 1671 to CREW. The released attachment did not contain any exemption (b)(5) redactions. |
| 1672-1674 | 8/30/2005 | CNN information | Redacted DPP | This email chain is redacted pursuant to exemption (b)(5), DPP. The redacted portion of the email pertains to recommendations and deliberations by the Public Affairs staff to FEMA officials dealing with the media response to Hurricane Katrina. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of the public affairs office, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1675-1690 | 8/30/2005 | White House Task Force on Hurricane Katrina Response | Redacted PCP DPP | Portions of the email chain are withheld entirely pursuant to exemption (b)(5), PCP. The portions withheld entirely pursuant to PCP are emails are between a White House adviser or their staff and FEMA staff. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>Further, the email chain and segments thereof are redacted pursuant to exemption (b)(5), DPP. The portion redacted pursuant to DPP pertains to a decision regarding the interaction and coordination between the federal and state responders to Hurricane Katrina. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1691-1694 | 8/30/2005 | Let us know . . . | Redacted DPP | This email chain and various segments thereof are redacted pursuant to exemption (b)(5), DPP. The communication reflects discussions between a HUD official and FEMA staff regarding housing plans and the interaction and coordination between the federal and state responders to Hurricane Katrina. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1695-1696 | 8/30/2005 | Dep C/S Info | Redacted PCP | Portions of the email chain are withheld entirely pursuant to exemption (b)(5), PCP. The portions withheld entirely pursuant to PCP are emails are between several White House advisers and FEMA staff. The purpose of the communications was to assist and advise in the presidential decision-making process. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process. |
| 1697-1698 | | FW: Urgent Request | | On February 17, 2007, FEMA released this email chain to CREW. The released email chain did not contain any exemption (b)(5) redactions. |
| 1699-1701 | | United Way of America Involvement in Presidential Trip/Task Force | | On February 17, 2007, FEMA released this email chain to CREW. The released email chain did not contain any exemption (b)(5) redactions. |
| 1702 | | Northcom Response to Katrina | | On January 12, 2007, FEMA released this email chain to CREW. The released email chain did not contain any exemption (b)(5) redactions. |
| 1703-1748 | 8/30/2005 | White House Task Force on Hurricane Katrina Response - Redacted b(5), PCP | Redacted PCP DPP | Portions of the email chain are withheld entirely pursuant to exemption (b)(5), PCP. The portions withheld entirely pursuant to PCP are emails are between a director of a corporation and White House advisers and forwarded to FEMA staff. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>Further, the email chain and segments thereof are redacted pursuant to exemption (b)(5), DPP. The portion redacted pursuant to DPP pertain to deliberations about the kinds of information that should be provided in briefing relating to Hurricane Katrina. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1739.1 | No Date. | DHS-FEMA Actions Katrina-mh.doc | Withheld PCP DPP | The attachment to the email at page 1739 is withheld in full pursuant to exemption (b)(5), PCP. The attachment is a proposed version of a briefing to be delivered to the President and White House advisers or their staff. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>Further, the attachment is withheld pursuant to exemption (b)(5), DPP. The document is a draft of a briefing regarding Agency actions following Hurricane Katrina. Release of the draft documents would expose FEMA's deliberative process, adversely impact the free flow of information - both within the Agency and between the cooperating agencies - and reveal the deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1749 | | FEMA-1602-DR-FL Situation Report No. 5, ICS201, ICS202 and ICS203 attached | | On January 12, 2007, FEMA released this email chain to CREW. The released email chain did not contain any exemption (b)(5) redactions. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1750-1752 | No Date. | Talking Points 9/2 | Redacted DPP | The talking points are withheld entirely pursuant to exemption (b)(5), DPP.  The document are draft talking points for Hurricane Katrina to possibly be used in an update.   Release of the draft documents would expose FEMA's deliberative process, adversely impact the free flow of information, and reveal the deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications |
| 1753-1756 | 8/31/2005 | please call me re evacuation of superdome | Redacted DPP | This email chain and various segments thereof are redacted pursuant to exemption (b)(5), DPP.  Redacted portions reflect FEMA official's requests for briefing on certain Katrina issues so that he could brief DHS advisers, and also reflect his staff's responses.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications |
| 1757-1758 | 8/31/2005 | White House Inquiry | Redacted PCP DPP | The text of this email chain is redacted in part pursuant to exemption (b)(5), PCP.  The text redacted pursuant to PCP reveals communications between White House advisers or their staff and FEMA staff.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.

Further, the email chain and segments thereof is redacted pursuant to exemption (b)(5), DPP.  The portion redacted pursuant to DPP reflects requests for advice on an issue relating to how to handle offers of help and assistance, and a preliminary response to the issue.   Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1759 | | evacuations of Superdome | | On January 12, 2007, FEMA released this email to CREW.  The released email did not contain any exemption (b)(5) redactions. |
| 1760 | | IC Houston Availability | | On February 17, 2007, FEMA released this email chain to CREW.  The released email chain did not contain any exemption (b)(5) redactions. |
| 1761-1766 | | Checking in with you--spreadsheet attached | | On February 17, 2007, FEMA released this email chain to CREW.  The released email chain did not contain any exemption (b)(5) redactions. |
| 1764.1 - 1764.11 | | Katrina, 2005 | | On February 17, 2007, FEMA released the attachment to page 1764 to CREW.  The released attachment did not contain any exemption (b)(5) redactions. |
| 1767-1769 | 8/31/2005 | Need to know if the actual evacuation of the Superdome has begun - asap - thanks | | On January 12, 2007, FEMA released this email chain to CREW.  The released email chain did not contain any exemption (b)(5) redactions. |
| 1770 | | Cruise Ships for Emergency Evacuation | | On January 12, 2007, FEMA released this email chain to CREW.  The released email chain did not contain any exemption (b)(5) redactions. |
| 1771-1773 | 8/31/2005 | Hurricane Help - Forensic Anthropology | Redacted DPP | This email chain is redacted pursuant to exemption (b)(5), DPP.  The redacted portion of the email reflects deliberations about a personnel related-decision.  The document reflects intra-agency communications regarding personnel decisions. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1774 | | Need coordination from FEMA for private sector resources for disaster relief | | On January 12, 2007, FEMA released this email chain to CREW. The released email chain did not contain any exemption (b)(5) redactions. |
| 1774.1 - 1774.7 | | NERR_Stats_OnTheFly.pdf | | On February 17, 2007, FEMA released the attachment to CREW. The released attachment did not contain any exemption (b)(5) redactions. |
| 1775 | | FEMA Contact | | On February 17, 2007, FEMA released this email chain to CREW. The released email chain did not contain any exemption (b)(5) redactions. |
| 1776-1777 | | Mayor Holden | | On January 12, 2007, FEMA released this email chain to CREW. The released email chain did not contain any exemption (b)(5) redactions. |
| 1778 | | Need Help! New Orleans | | On January 12, 2007, FEMA released this email chain to CREW. The released email chain did not contain any exemption (b)(5) redactions. |
| 1779-1780 | | A Greg Parker called for you… | | On January 12, 2007, FEMA released this email chain to CREW. The released email chain did not contain any exemption (b)(5) redactions. |
| 1781 | 9/1/2005 | Superdome/Astrodome Evacuations | Redacted DPP | This email chain is redacted part pursuant to exemption (b)(5), DPP. The communication reflects a request for briefing of the former Deputy Director to his staff regarding evacuations. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 1782-1784 | | need help getting donated boots to FEMA | | On February 17, 2007, FEMA released this email chain to CREW. The released email chain did not contain any exemption (b)(5) redactions. |
| 1785-1788 | | Need to know how many buses have been secured | | On January 12, 2007, FEMA released this email chain to CREW. The released email chain did not contain any exemption (b)(5) redactions. |
| 1789-1793 | 9/1/2005 | A proposed Utah colony | Redacted DPP | This email chain and various segments thereof are redacted pursuant to exemption (b)(5), DPP. The portion redacted on page 1793 reflects an opinion and request from DHS staff member to FEMA staff member regarding security concerns. The document reflects inter- and intra-agency communications. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1794-1803 | | Current problems | | On February 17, 2007, FEMA released this email chain to CREW. The released email chain did not contain any exemption (b)(5) redactions. |
| 1804-1805 | 9/1/2005 | Two cents | Redacted DPP | This email chain and various segments thereof are is redacted pursuant to exemption (b)(5), DPP. The redacted portion of the email is pertaining to a personnel decision. The document reflects intra-agency communications of advice from the former FEMA Deputy Director to the former Under Secretary regarding personnel decisions and the level of coordination required from other agencies. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1806-1813 | 8/31/2005 | hurricane effort/cruise ships fup | Redacted DPP | This email chain and various segments thereof are redacted pursuant to exemption (b)(5), DPP.  The redacted portion of the email chain pertains to a deliberation and debate between the former Under Secretary and his staff regarding how to use and implement an offer of housing assistance.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 1814 | 9/1/2005 | WH IGA Call & State Briefing | Redacted PCP | The text of this email chain is redacted in part pursuant to exemption (b)(5), PCP.  The text redacted pursuant to PCP reveals communications between the White House advisers or their staff and FEMA staff.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process. |
| 1815 | 9/1/2005 | Updated Briefing | Redacted DPP | This email chain is redacted pursuant to exemption (b)(5), DPP.  The redacted portion of the email pertains to a briefing on response to Hurricane Katrina from subordinates to superiors and a change to the draft.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1816-1817 | 9/1/2005 | Redacted b(5), PCP | Redacted PCP DPP | The text and subject line of the email chain are withheld entirely pursuant to exemption (b)(5), PCP. The portions withheld entirely pursuant to PCP reveals communications from a White House adviser or their staff and FEMA staff.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.

Further, the email chain and segments thereof are redacted pursuant to exemption (b)(5), DPP.  The portion redacted pursuant to DPP   reflects advice and raises questions about how to respond to inquiries about the federal government's response to hurricane Katrina.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1818-1828 | 9/1/2005 | Urgent Request | Redacted PCP DPP | Portions of the email chain are withheld entirely pursuant to exemption (b)(5), PCP. The portions withheld entirely pursuant to PCP are emails are between several White House advisers and forwarded to the former Deputy Director of FEMA and the Deputy Director of DHS staff.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.

Further, the email chain and segments thereof are redacted pursuant to exemption (b)(5), DPP.  The portion redacted pursuant to DPP to a decision regarding the interaction and coordination between the federal and state responders to Hurricane Katrina.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1829-1830 | 9/1/2005 | Heads Up | Redacted DPP | This email chain and segment thereof is redacted pursuant to exemption (b)(5), DPP.  The communication reflects advice to former FEMA director about the interaction and coordination between the federal responders to Hurricane Katrina.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1831-1834 | 9/1/2005 | Situation Report for Secretary Chertoff | Redacted DPP | This email chain and various segments thereof are redacted pursuant to exemption (b)(5), DPP. The redacted portion of the email contains preliminary information for possible inclusion in a briefing from a subordinate to superiors.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 1835-1838 | | FEMA Contact | | On February 17, 2007, FEMA released this email chain to CREW.  The released email chain did not contain any exemption (b)(5) redactions. |
| 1839-1840 | 9/1/2005 | Redacted b(5), PCP | Redacted PCP DPP | The text and subject line of this email chain is protected pursuant to exemption (b)(5), PCP.  The text reveals communications from White House advisers or their staff to FEMA staff.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.

Further, segments of this email chain are protected pursuant to exemption (b)(5), DPP.  The portion of the email protected pursuant to DPP is about FEMA staff members' initial response to the request for information and a plan for further action.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1841-1844 | | Urgent for Liza | | On February 17, 2007, FEMA released this email chain to CREW.  The released email chain did not contain any exemption (b)(5) redactions. |
| 1845-1846 | 9/1/2005 | (No Subject) | Redacted PCP | Portions of the email chain are withheld entirely pursuant to exemption (b)(5), PCP. The portions withheld entirely pursuant to PCP reveals communications between White House advisers or their staff and forwarded to  FEMA staff.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process. |
| 1847-1855 | 9/2/2005 | request | Redacted ACP DPP | This email chain is redacted in part pursuant to exemption (b)(5), the attorney-client privilege.  The email is between FEMA attorneys and FEMA staff and pertains to request for mission assignments.  The document contains confidential communications from government attorneys made for the purpose of rendering legal advice.

Further, the email chain and various segments thereof are redacted pursuant to exemption (b)(5), DPP.  The communication reflects deliberations about an issue pertaining to FEMA's interaction and coordination with another federal agency in the wake of Hurricane Katrina.   Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 1856-1864 | | Talking Points 9/2 | | On February 17, 2007, FEMA released this email chain to CREW.  The released email chain did not contain any exemption (b)(5) redactions. |
| 1865-1877 | 9/3/2005 | Daily Deputies VTC from 11:00 to 12:00 | Redacted DPP | This email chain and various portions thereof is redacted pursuant to exemption (b)(5), DPP.  The communication reflects a request from a superior to subordinates for certain information pertaining to an intended briefing.  Further redactions reveal deliberations pertaining to a personnel decision.  Release of the communication and predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on inter- and intra-agency communications. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1878-1879 | 9/2/2005 | Emails/ Talking Points for Governors Calls on Evacuees | Redacted DPP | This email chain and the attached talking points are redacted in part pursuant to exemption (b)(5), DPP.  The redacted portion of the email contains predecisional deliberations about calls to be made to governors of certain states.   The document reflects inter- and intra-agency communications regarding personnel decisions and the level of coordination required from other agencies.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications |
| 1880-1881 | | H.R. 3645/Hurricane Katrina Supp has been signed into law by President | | On February 17, 2007, FEMA released this email chain to CREW.  The released email chain did not contain any exemption (b)(5) redactions. |
| 1882 | | | | This document is non-responsive to CREW's request and was mistakenly included in the numbered documents.  It has been removed. |
| 1883 | 9/2/2005 | FEMA not responding | Redacted PCP DPP | Portions of the email chain are withheld entirely pursuant to exemption (b)(5), PCP. The portions withheld entirely pursuant to PCP reveal internal communications among White House advisers and communications between White House advisers and FEMA staff.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>Further, the email chain and segments thereof are redacted pursuant to exemption (b)(5), DPP.  The portion redacted pursuant to DPP contains predecisional deliberations about calls to be made to governors of certain states.   The document reflects inter and intra-agency communications regarding personnel decisions and the level of coordination required from other agencies.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1884-1896 | 9/2/2005 | Governors | Redacted DPP | This email chain and various segments thereof are redacted pursuant to exemption (b)(5), DPP.  The redacted portion of the email contains predecisional deliberations about calls to be made to governors of certain states.  The document reflects inter- and intra-agency communications regarding personnel decisions and the level of coordination required from other agencies.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter- agency communications. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1897-1902 | 9/1/2005 | Redacted b(5), PCP | Redacted PCP DPP | The text and subject line of this email chain is protected pursuant to exemption (b)(5), PCP.  The text reveals communications between the President and his advisers and the former Under Secretary.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>Further, segments of this email chain are protected pursuant to exemption (b)(5), DPP.  The portion of the email protected pursuant to DPPreflects deliberations about security and regarding the level of interaction and coordination between the federal responders to Hurricane Katrina, including how FEMA could implement its response.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1903-1904 | 9/2/2005 | (No Subject) | Redacted PCP DPP | The text of this email is redacted in part pursuant to exemption (b)(5), PCP.  The text redacted pursuant to PCP reveals communications between the President and the former Under Secretary.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>Further, the text of this email is redacted in part pursuant to exemption (b)(5), DPP.  The text redacted pursuant to DPP involves a discussion about the appropriate response to fires caused by Hurricane Katrina.   Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1905-1906 | 9/1/2005 | (No Subject) | Redacted DPP | This email chain and various segments thereof are redacted pursuant to exemption (b)(5), DPP.  The redacted portion of the email reflects a debate between the former Under Secretary and his staff members regarding a personnel decision.  The document reflects intra-agency communications regarding personnel decisions and the level of coordination required from other agencies. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications. |
| 1907-1910 | 9/2/2005 | Brown deleg memo; Draft deleg gift acceptance | Redacted ACP DPP | This email chain and two pages of attached draft documents are redacted pursuant to exemption (b)(5), the attorney client privilege.  The email is among FEMA's Chief Counsel, another FEMA attorney, and FEMA staff and reflects legal advice regarding the acceptance of gifts in the wake of Hurricane Katrina.  The email and draft attachments reflect confidential communications made for the purpose of rendering legal advice.<br><br>Further, the email chain and two pages of attached draft documents are redacted pursuant to exemption (b)(5), DPP.  The document reflects predecisional and deliberative intra-agency discussion bearing on gift acceptance.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra-agency communications |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1911-1912 | 9/2/2005 | Hurricane Katrina Recovery Strategy | Redacted PCP | Portions of the email chain are withheld entirely pursuant to exemption (b)(5), PCP. The portions withheld entirely pursuant to PCP are emails between White House advisers or their staff and FEMA staff.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process. |
| 1913 | 9/3/2005 | From Mike Bayham | Redacted PCP | Portions of the email chain are withheld entirely pursuant to exemption (b)(5), PCP. The portions withheld entirely pursuant to PCP are emails between White House advisers and forwarded to FEMA staff.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process. |
| 1914 | 9/3/2005 | Report from Lott staff | Redacted PCP DPP | Portions of the email chain are withheld entirely pursuant to exemption (b)(5), PCP. The portions withheld entirely pursuant to PCP are emails between a White House adviser and FEMA staff.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.

Further, the email chain and segments thereof are redacted pursuant to exemption (b)(5), DPP.  The portion redacted pursuant to DPP involves a suggested course of action to deal with a problem regarding supplies in the wake of Hurricane Katrina.  Release of the predecisional recommendation would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1915-1916 | 9/4/2005 | Conference Call Today -- Re Private Sector Donations Cell | Redacted DPP | This email chain is redacted pursuant to exemption (b)(5), DPP. The redacted portion contains a possible course of action suggested for private sector donations.  It is not clear whether a final decision was made with respect to the suggestion.  Release of the predecisional recommendation would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1917-1922 | 9/4/2005 | St. Bernard Parish | Redacted PCP DPP | Portions of the email chain are withheld entirely pursuant to exemption (b)(5), PCP. The portions withheld entirely pursuant to PCP are emails between a White House advisers or their staff and FEMA staff.  The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.

Further, the email chain and segments thereof are redacted pursuant to exemption (b)(5), DPP.  The portion redacted pursuant to DPP contains deliberations and questions about how to deal with situation outlined in first part of email.  Release of the predecisional recommendation would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1923-1924 | 9/4/2005 | Priority | Redacted PCP DPP | Portions of the email chain are withheld entirely pursuant to exemption (b)(5), PCP. The portions withheld entirely pursuant to PCP are emails between a White House adviser and FEMA staff. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>Further, the email chain and segments thereof are redacted pursuant to exemption (b)(5), DPP. The portion redacted pursuant to DPP reflects deliberations about an issue relating to gasoline supply in the wake of Hurricane Katrina and a follow up briefing and proposed solution in response. Release of the predecisional discussions would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1925 | 9/4/2005 | Fema | Redacted DPP | This email chain is redacted pursuant to exemption (b)(5), DPP. The redacted portion reflects a suggested course of action regarding comments from Governor. Release of the predecisional recommendation would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1926-1928 | 9/4/2005 | Department of Labor - Displaced Workers - Frequently Asked Questions/Answers | Redacted PCP | Portions of the email chain are withheld entirely pursuant to exemption (b)(5), PCP. The portions withheld entirely pursuant to PCP are emails are between White House advisers or their staff and forwarded to FEMA staff. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process. |
| 1926.1 - 1926.7 | 9/4/2005 | Frequently Asked Questions | Withheld PCP DPP | The attachment to page 1926 is withheld pursuant to exemption (b)(5), PCP. The attachment is a document that is circulated by White House advisers or their staff and forwarded to FEMA staff. The purpose of the withheld communication was to gather, assess, and/or transmit information for purposes of informing, advising and/or assisting the presidential decision-making process.<br><br>Further, the attachment is withheld pursuant to exemption (b)(5), DPP. The attachment contains a draft of the Department of Labor's FAQ's regarding workers displaced by Hurricane Katrina. The document was later edited and released in final version. Release of the document would expose the deliberative process, adversely impact the free flow of advice and information, and reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on inter- and intra-agency communications. |
| 1929-1930 | 9/4/2005 | (No Subject) | Redacted DPP | This email chain and segment thereof is redacted pursuant to exemption (b)(5), DPP. The communication reflects deliberations about the interaction and level of coordination between the federal responders to Hurricane Katrina. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |

| CREW Bates Number | Document Date | Subject: | Withheld Status/ Exemption (b)(5) Privilege | Document Description |
|---|---|---|---|---|
| 1931-1932 | 9/4/2005 | IIMG | Redacted DPP | This email chain and segment thereof is redacted pursuant to exemption (b)(5), DPP.  The redacted portions reflects deliberations and opinions on a personnel-related issue in responding to Hurricane Katrina.  The document reflects inter- and intra-agency deliberations regarding personnel decisions. Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |
| 1933 | 9/4/2005 | Donations Cell | Redacted ACP DPP | This email chain redacted pursuant to exemption (b)(5), ACP.  The email is from FEMA's Chief Counsel to FEMA staff about an issue relating to donations in the wake of Hurricane Katrina.  The document reflects confidential communications made for the purpose of rendering legal advice.<br><br>Further, the email chain is redacted pursuant to exemption (b)(5), DPP.  The redacted portion contains predecisional and deliberative discussion bearing on a particular programmatic decision.  Release of the predecisional discussions would expose FEMA's deliberative process, reveal the reasoning and deliberative process of agency officials, and result in a chilling effect on intra-agency communications |
| 1934-1937 | 9/6/2005 | Highlights for tomorrow | Redacted DPP | This email chain in two copies is redacted pursuant to exemption (b)(5), DPP.  The redacted portion of the email pertains to draft talking points, recommendations and deliberations by FEMA staff to FEMA's Public Affairs office regarding dealing with the media response to Hurricane Katrina.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information, reveal the reasoning and deliberative process of the public affairs office, and, therefore, result in a chilling effect on intra-agency communications. |
| 1938 | 9/6/2005 | Mayor of Pascagoula | Redacted DPP | This email chain is redacted pursuant to exemption (b)(5), DPP.  The communication reflects advice and discussions about the interaction and level of coordination between the federal and state responders to Hurricane Katrina.  Release of the communication and the predecisional discussions reflected therein would expose FEMA's deliberative process, adversely impact the free flow of advice and information - both within the Agency and between the cooperating agencies - reveal the reasoning and deliberative process of agency officials, and, therefore, result in a chilling effect on intra- and inter-agency communications. |