**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND )<br>ETHICS IN WASHINGTON, )<br>11 Dupont Circle, N.W. )<br>Washington, D.C. 20036 )<br>           )<br>     Plaintiff, )<br>           ) Civil Action No. 06-173 (RJL)<br>     v. )<br>           )<br>UNITED STATES DEPARTMENT )<br>OF HOMELAND SECURITY, )<br>Washington, DC 20528 )<br>           )<br>     Defendant. )<br>_____) | |

**DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO FILE SUR-REPLY OR IN THE ALTERNATIVE, RESPONSE TO PLAINTIFF'S SUR-REPLY**

Evidently realizing that it failed adequately to review and address defendant's summary judgment submissions, plaintiff now seeks leave of court to submit another round of briefing in a surreply. Plaintiff's belated request to make arguments it could have made earlier is meritless and should be denied. Alternatively, if the Court chooses to consider plaintiff's surreply, it should reject the arguments contained therein because they are wholly without merit.

1.  A surreply may be filed "only to address new matters raised in a reply, to which a party would otherwise be unable to respond." Pogue v. Diabetes Treatment Centers, 238 F. Supp. 2d 270, 276 (D.D.C. 2002) (citation omitted); Lightfoot v. District of Columbia, No. Civ. A. 04-1280, 2006 WL 54430, at *1 n.2 (D.D.C. Jan. 10, 2006) (same). Contrary to plaintiff's assertion, defendant's reply did not raise any such "new matters." Defendant's initial motion papers explained that *all* of the withheld materials were being withheld under the exemption for "inter-agency or intra-agency" records, Mot. 11, and the supporting papers demonstrated that the

1

withheld materials clearly meet this and all other requirements for Exemption 5 protection. Plaintiff obviously recognizes that this is true for the vast majority of withholdings because it selected only a small handful to challenge on this basis. Thus, defendant's reply did not raise any "new matters," it simply responded to the meritless contentions in plaintiff's opposition that certain specified materials were not shown to be "inter-agency or intra-agency" communications. <u>Lightfoot</u>, 2006 WL 54430, at 1 n. 2. (denying leave to file surreply because reply did not raise "new matters" but "merely respond[ed] to the plaintiff's arguments contained in his opposition"). Moreover, each of defendant's responsive arguments rested on submissions filed with its initial motion papers.[1] Plaintiff's failure to review and address these submissions before filing its opposition hardly justifies a new round of briefing.

    Nor does plaintiff's citation to <u>ICM Registry v. Department of Commerce</u>, 2007 WL 1020748 (D.D.C. Mar. 29, 2007) justify its attempt to reargue this case. Even if this routine FOIA case had added anything significant to the body of FOIA law in existence when plaintiff filed its opposition — which it did not — the proper course would have been to simply identify it in a notice of supplemental authority when the decision was issued. Instead, plaintiff waited until after it had the opportunity to review defendant's reply (nearly a month later) and then seized upon it as an excuse to submit additional briefing on a half-dozen issues that were already addressed in current filings. <u>See</u> Pl. Surr. 3-5 & n. 2.

    2.    In any event, plaintiff's surreply arguments are baseless. First, plaintiff offers only rank speculation in response to the documentary evidence establishing the inter-agency/intra-agency nature of the few remaining challenged materials, Bates Nos. 646-650, 812-

---

[1] Defendant did submit on reply a supplemental declaration addressing Bates Nos. 1703-1748 but plaintiff no longer challenges the inter-agency/intra-agency nature of those materials.

820, 885-902, and 1526-1529.[2]  Plaintiff speculates that the two withheld contractor communications, Bates Nos. 646-650, 812-820, might have occurred as part of a competitive bidding process.  But as already explained, the description and explanation in the Index and declarations (most of which plaintiff simply ignores) clearly demonstrate that the withheld material is work product prepared by FEMA contractors relating to ongoing catastrophic planning projects at FEMA's Response Division.  See Index Bates Nos. 645-650, 885-902 (partially quoted in Reply 4).  Compare Index Bates Nos. 646-650, 903-910 (making clear by contrast when materials are part of a contractual bidding process); see also Reply 4.  Similarly, with regard to the meeting minutes, plaintiff speculates that "adversarial interests" or "different views" might have been expressed by state officials even though the submissions indicate that the meeting was collaborative.  See Index Bates Nos. 812-820 ("the purpose of the meeting was to coordinate evacuation plans among the state and federal responders"); Sevier Declaration ¶ 47 (describing this FEMA division's role in the "integration" of federal and state response programs).[3]  As to Bates Nos. 1526-1527, plaintiff totally ignores the applicable summary

---

[2] Plaintiff apparently now concedes that Bates Nos. 706-798 & 903-910, were not withheld in their entirety but nonetheless questions (without explanation) whether defendant only withheld handwritten notes.  It appears that plaintiff may be concerned about a few redactions in the released version of Bates Nos. 796-798, but these redactions were taken under the Exemptions 2 and 6, which plaintiff has agreed not to challenge.  See Index Bates Nos. 793-795 (released version of 796-798 released without any *Exemption 5* redactions).  As to Bates Nos. 903-910, plaintiff may be concerned that some of the redacted handwritten notes overlap with small bits of text in the underlying document.  But it is clear from the redacted version of the document that any text obscured as a result is inextricably intertwined with the deliberative handwritten notes, and is thus properly (and unavoidably) redacted.  E.g., Wolfe v. Department of Health and Human Services, 839 F.2d 768, 774-76 (D.C. Cir. 1988).

[3] This challenge not only rests on speculation but on the incorrect assumption that "different views" or independent interests necessarily defeat the Exemption 5 claim.  See Reply 3-4.  See also, e.g., Public Citizen, Inc. v. Department of Justice, 111 F.3d 168, 170 (D.C. Cir. 1997) (upholding exemption even where outside party has independent interest).

3

judgment submissions which explain how the former congressional official was acting in a "consulting capacity." See Reply 5-6. In short, the detailed submissions fully support defendant's determination that these are protected "inter-agency or intra-agency" materials under Exemption 5, Sevier Decl. ¶¶ 29-30. See Wolfe v. C.I.A., 473 F.3d 370, 374 (D.C. Cir. 2007) (agency's justification for invoking a FOIA exemption sufficient if it appears "logical" or "plausible").

Similarly without merit are the scattershot arguments plaintiff advances under the pretense of discussing ICM Registry. Pl. Surr. 3-5 n. 2. These arguments reflect a kind of head-in-the-sand refusal to acknowledge either the applicable law in defendant's Motion and Reply, or the extensive descriptions and explanations provided in the supporting materials. For example, plaintiff's own cited case refutes its argument that defendant must identify a particular final decision to justify withholding of deliberative and/or presidential communications under Exemption 5. See ICM Registry, 2007 WL 1020748 at *4 ("[T]he application of exemption (b)(5) 'does not depend on the agency's ability to identify a specific decision to which the documents relate.'") (citation omitted). So too, plaintiff's various unsupported claims that defendant relied on mere "buzz words" are refuted by defendants' detailed submissions showing the basis for the presidential privilege, the deliberative processes involved, and the role of the disputed communications in those deliberations. See, e.g., Index *passim*; Sevier Decl. ¶¶ 12, 16, 31-37, 42, 44-45, 47-52; Bagnal Decl. ¶¶ 9-16.[4] Likewise, plaintiff's inexplicable contention that defendant cites no authority addressing the presidential privilege in the FOIA context ignores defendant's extensive citation to the D.C. Circuit's Judicial Watch decision, which dealt

---

[4] Nor did defendant use "draft" as a "mere buzz word." See, e.g., Def. Mot. 19-20; Sevier Decl. ¶ 50; Index Bates Nos. 646-650; 1560-1609.

specifically with the privilege in the FOIA context. Finally, plaintiff's claim that there is no case allowing defendant to withhold certain kinds of presidential communications is wrong inasmuch as all of the withholdings rest on straightforward applications of principles developed in the few existing cases in this area.[5] The claim is also irrelevant inasmuch as plaintiff has not cited any case (or applicable principle) that would *prohibit* such withholdings.[6]

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to file a surreply should be denied.

Dated: April 30, 2007                             Respectfully submitted,

                                        PETER D. KEISLER
                                        Assistant Attorney General

                                        JEFFREY A. TAYLOR
                                        United States Attorney

                                        ELIZABETH J. SHAPIRO (D.C. Bar 418925)
                                        Assistant Director

                                         /s/ Peter M. Bryce
                                        Peter M. Bryce (NY and IL Bars)
                                        Trial Attorney
                                        U.S. Department of Justice
                                        Civil Division, Federal Programs Branch
                                        20 Massachusetts Ave., N.W., Room 6138
                                        Washington, D.C. 20001
                                        Telephone: (202) 616-8335
                                        Fax: (202) 616-8470
                                        peter.bryce@usdoj.gov
                                        Attorneys for Defendant

---

[5] Plaintiff's continued insistence that White House advisers must be named in order to establish the "requisite privity" to the President is not supported by the cited case, Pl. Surr. 4, and is wrong for the reasons stated in the defendant's Reply at 16-17 & nn. 11-12.

[6] The ICM Registry decision, which supposedly justifies plaintiff's additional briefing, does not even address the presidential communications privilege. See 2007 WL 1020748.